FLORENCE LUTZ and MARTIN E. LUTZ and DELIA WALSH and PETER WALSH v. AMMON J. BOLTZ and HARRY J. BOLTZ, a partnership, t/a Boltz Bros.

---

(*November* 4, 1953.)

CAREY, J., sitting.

*Joseph H. Flanzer* for plaintiffs.

*William Prickett* for defendant, Ammon J. Boltz.

Superior Court for New Castle County, No. 688, Civil Action, 1952.

CAREY, J.:

In order to get at the merits of the present controversy, I shall not consider the propriety of raising this issue by an objection to the filing of the proposed amendment.

The question for determination is whether a tort-feasor may recover contribution from another, whose negligence concurred in producing an injury, but who is himself not liable to the injured person.

Title 21 *Del. C.* § 6101 bars recovery by a nonpaying guest from the operator of a vehicle, unless the accident was intentional on the part of the operator, or was caused by his wilful

or wanton disregard of the rights of others. In the proposed counterclaim, there is no charge of any such intentional, wilful or wanton conduct; it is clear, therefore, that the other three plaintiffs would have no cause of action against Martin Lutz for their injuries. The defendant does not dispute this.

Prior to 1949, no right of contribution existed between joint tort-feasors in this State. *Distefano v. Lamborn,* 7 *Terry* 195, 81 *A.* 2d 675, and *Del. Super.,* 83 *A.* 2d 300. In that year, the Uniform Contribution Among Tort-feasors Act was adopted with some modifications. It was carried into the *Code of* 1953 as Title 10, Chapter 63. Any right of this defendant to contribution from Lutz necessarily, therefore, depends entirely upon the provisions of that Act.

The first part of the Chapter, Section 6301, contains this definition:

"For the purposes of this chapter, 'joint tort-feasors' means two or more persons jointly or severally liable in tort for the same injury to person or property whether or not judgment has been recovered against all or some of them."

The next Section, 6302, states that the right of contribution exists among joint tort-feasors. It also provides that a joint tort-feasor is not entitled to a money judgment for contribution until he has by payment discharged the "common liability" or has paid more than his pro rata share thereof. Elsewhere the Act also contains the phrase "common liability". It is clear from the very language of the statute itself that it has no application unless there is a "common liability" to the injured person. This liability may be joint or several, but there is no right to contribution unless the injured person has a possible remedy against two or more persons. A contrary ruling would render Lutz liable indirectly for a claim upon which he may not be held liable directly.

This thought is supported by the notes of the Commissioners who prepared the Uniform Act. In 9 *U. L. A.* 156, there

appears this sentence: "The common obligation contemplated by this Act is the common liability of the tortfeasors to suffer adverse judgment in the instance of the injured person, whether or not the injured person elects to impose it". Again on page 158 appear these words: "It permits contribution among all tortfeasors whom the injured person could hold liable jointly and severally for the same damage or injury to his person or property". In short, it is joint or several *liability*, rather than joint or concurring *negligence*, which determines the right of contribution.

The foregoing interpretation of the Uniform Act is supported by the cases of *Baltimore Transit Co. v. State to Use of Schriefer*, 183 *Md.* 674, 39 *A.* 2d 858, 156 *A. L. R.* 460, and *Guerriero v. U-Drive-It Co. of New Jersey*, 22 *N. J. Super.* 588, 92 *A.* 2d 140. A case precisely like the present one, save that the Uniform Act was not involved, is *Patterson v. Tomlinson, Tex. Civ. App.*, 118 *S. W.* 2d 645. Other instances of a like holding, under statutes very similar to the Uniform Act, are set forth in the annotation found in 19 *A. L. R.* 2d 1003, etc. Moreover, the rule seems to be in accord with the general principle laid down in *Restatement of the Law of Restitution*, Sec. 86.

The only case brought to my attention which holds to the contrary is *Fisher v. Diehl*, 156 *Pa. Super.* 476, 40 *A.* 2d 912. The precise statute involved in that decision is not set forth in the opinion.

The moving defendant in this case suggests that the foregoing interpretation of the law attaches an exception, by judicial construction, to the unqualified right to contribution granted by the Uniform Act. This argument assumes that the Act confers an unqualified right in all cases of joint or concurring negligence. As pointed out above, this is incorrect.

Defendant's motion to amend must be denied.