CLARA P. FERGUSON, Plaintiff, v. EDNA DAVIS, Defendant and Third-Party Plaintiff, v. GORDON C. FERGUSON, Third-Party Defendant.

*(February* 4, 1954.)

HERRMANN, J., sitting.

*Januar D. Bove, Jr.,* (of Connolly, Cooch and Bove) for the plaintiff.

*Albert L. Simon* and *Stephen E. Hamilton, Jr.,* for the defendant and third-party plaintiff.

*Stewart Lynch* for the third-party defendant.

Superior Court for New Castle County, No. 575, Civil Action, 1953.

HERRMANN, J.:

This is an action for damages resulting from an automobile accident. The complaint charges that the defendant negligently drove her automobile into an automobile owned by the plaintiff

and operated by the plaintiff's husband. The defendant filed a third-party complaint against the plaintiff's husband alleging his negligence and seeking contribution from him as a joint tort-feasor. The plaintiff's husband moves to dismiss the third-party complaint on the ground that it fails to state a claim upon which relief can be granted.

The recent case of *Lutz v. Boltz, Del. Super.*, 100 *A.* 2d 647, 648, disposes of the question here presented. After discussing our *Uniform Contribution Among Tort-feasors Act*, 10 *Del. C.* § 6301 *et seq.*, Judge Carey there stated:.

"It is clear from the very language of the statute itself that it has no application unless there is a 'common liability' to the injured person. This liability may be joint or several, but there is no right to contribution unless the injured person has a possible remedy against two or more persons."

Since a wife may not sue her husband at law in this State, the plaintiff in this case has no possible remedy against her husband for damages arising from his negligence. See *Plotkin v. Plotkin*, 2 *W. W. Harr.* 455, 125 *A.* 455. Hence, to permit a third-party proceeding for contribution against the husband, as a joint tort-feasor, would be to render him liable indirectly upon a claim for which he may not be held liable directly. Common liability, not concurring negligences, is the *sine qua non* for the invocation of the Uniform Contribution Act. Since there is no possible liability or right of action as between the third-party defendant and the plaintiff, his wife, it is held that the third-party plaintiff could have no right of contribution from the third-party defendant. See *Yellow Cab Co. v. Dreslin,* 86 *App. D. C.* 327, 181 *F.* 2d 626, 19 *A. L. R.* 2d 1003 *et seq.; Guerriero v. U-Drive-It Co. of New Jersey*, 22 *N. J. Super.* 588, 92 *A.* 2d 140; *American Auto Ins. Co. v. Molling, Minn.*, 57 *N. W.* 2d 847.

The third-party plaintiff attempts to distinguish the *Lutz* case on the ground that a husband-wife relationship was not involved in that case. The principles announced in the Lutz case are controlling here notwithstanding the difference in the facts.

The third-party plaintiff also urges the adoption of the rationale of *Fisher v. Diehl,* 156 *Pa. Super.* 476, 40 *A.* 2d 912. That case is not apposite because it was not decided under the Uniform Contribution Act.

The motion to dismiss the third-party complaint will be granted.