CHARLES R. MILLER, Plaintiff, v. HARRY ELLIS, Defendant.

(*April* 6, 1956.)

LAYTON, J., sitting.

*William Prickett* for the Plaintiff.

*John S. Walker* and *Frank J. Miller* for the Defendant.

Superior Court for New Castle County, No. 488, Civil Action, 1955.

LAYTON, J.:

On June 6, 1954, the plaintiff was employed by Petrillo Brothers, Inc., at their sand lot as a laborer. He was working in a stone hopper when he was injured by a truck, owned and operated by the defendant, which rolled backwards into the hopper crushing him against its side.

Plaintiff elected to receive compensation pursuant to 19 *Del. C.* § 2344. At that time, and until June 23, 1955, 19 *Del. C.* § 2363(b) permitted an employer (or his insurance carrier)[1] who had paid Workmen's Compensation to an injured employee, to become subrogated to his rights. Such an employer could sue a third party for injuries to the employee provided that any judgment so obtained over and above the compensation paid out went to the employee.

On June 4, 1955, American Surety Company, the insurance carrier of the employer, commenced this action in the name of the injured employee. On June 23, 1955, Title 19, Chapter 23 (The Workmen's Compensation Act) was amended in numerous respects. Insofar as concerns the question here presented, an

---

[1] *Distefano v. Lamborn,* 7 *Terry* 406, 84 *A.* 2d 413, held that where employer's insurance carrier paid employee's compensation, it was entitled to sue wrongdoer in place of the employer.

amendment to Title 19, § 2363, now permits an employee injured by *some one other than a natural person in the same employ*,[2] having elected to receive compensation, to sue such third person within 260 days of the date of the accident. If the employee does not elect to bring an action, then, for the remaining period permitted by the Statute of Limitations (105 days), the employer or his insurance carrier may maintain the action. The amendment reads:

"§ 2363. *Third person liable for injury; right of employee to sue and seek compensation; right of employer and insurer to enforce liability; notice of action; settlement and release of claim, effect; amount of recovery; reimbursement of employer or insurer; expenses of recovery, apportionment; compensation benefits*

"(a) Where the injury for which compensation is payable under this chapter was caused under circumstances creating a legal liability *in some person other than a natural person in the same employ*[3] or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies, but such injured employee or his dependents or their personal representative may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section. If the injured employee or his dependents or personal representative does not commence such action within 260 days after the occurrence of the personal injury, then the employer or its compensation carrier may, within the period of time for the commencement of actions prescribed by statute, enforce the liability of such other person in the name of that person. Not less than 30 days before the commencement of the suit by any party under this section, such party shall notify, by registered mail at their last known address, the Industrial Accident Board, the injured employee, or in the event of

---

[2] My emphasis.
[3] My emphasis.

his death, his known dependents, or personal representative or his known next of kin, his employer and the workmen's compensation insurance carrier. Any party in interest shall have a right to join in said suit."

Paragraphs 12 and 13 of defendant's answer are as follows:

"12.   Assuming without conceding that the amendments to 19 *Del. C.* Sec. 2363 (Senate Bill 448, Section 21 and House Bill 310,) do not govern this action, plaintiff has elected to take compensation under Delaware Workmen's Compensation Act, 19 *Del. C.* Ch. 63, and therefore, is barred, under 19 *Del. C.* Sec. 2363 from proceeding against defendant on the claim alleged.

"13.   Assuming without conceding that the amendments referred to in paragraph 12, above, govern this action and assuming without conceding that on the basis of the facts and the law defendant was a natural person in the same employ as plaintiff at the time of the accident, *i.e.* the employ of Petrillo Brothers, Inc., then by virtue of his election to take compensation under the Delaware Workmen's Compensation Act, plaintiff is barred from proceeding against defendant on the claim, alleged, and American Surety Company and/or Petrillo Brothers, Inc., cannot maintain the action because the remedy of subrogation against a natural person in the same employ no longer exists."

By paragraph 12, defendant asserts that plaintiff, Miller, having elected to receive compensation, is not entitled to maintain this action. This is true but the amendment to the complaint showing that it is being maintained by employer's insurance carrier nullifies this argument.

By paragraph 13 of his answer, defendant is apparently contending that the amended Section 2363 must be given a retroactive effect. If this were done and if the status of defendant were that of "a natural person in the same employ of the employer", then it would result that the right of subrogation granted to the employer (or insurance carrier) has been ex-

tinguished.[4] This would be so because at the time the suit was started, Section 2363 did not prohibit an action against a wrong-doer who was a "natural person in the same employ" but to hold the amended act applicable bars the right to sue such "natural person in the same employ."

It is axiomatic that Courts do not favor retroactive legislation. As stated in *Distefano v. Lamborn*, 7 *Terry* 195, 83 *A*. 2d 300, 301:

"It is further contended that subsection 5 of Section 2 (the amendment) renders the Act retroactive in effect, thereby including within its purview accidents happening prior, as well as subsequent to, May 27, 1949. Whether or not a statute is to be given a retroactive effect is a matter of legislative intent and Courts are extremely reluctant to arrive at such a construction unless the language of the statute permits of no doubt as to the meaning of the Legislature. In this connection *Am. Jur.* Vol. 50, Sec. 478 states the law to be this: 'Sec. 478. General Rules as to Interpretation.—The question whether a statute operates retrospectively, or prospectively only, is one of legislative intent. In determining such intent, the courts have evolved a strict rule of construction against a retrospective operation, and indulge in the presumption that the legislature intended statutes, or amendments thereof, enacted by it to operate prospectively only, and not retroactively. Indeed, the general rule is that they are to be so construed, where they are susceptible of such interpretation and the intention of the legislature can be satisfied thereby, where such interpretation does not produce results which the legislature may be presumed not to have intended, and where the intention of the legislature to make the statute retroactive is not stated in express terms, or clearly, explicitly, positively, un-equivocally, unmistakably and unambiguously shown by neces-

---

[4] I doubt whether the question of defendant's status is properly raised by the language in paragraph 13, "Assuming without conceding that * * * defendant was a natural person in the same employ * * *." However, I shall treat this langauage as a positive allegation that defendant was a natural person in the same employ.

sary implication or terms which permit no other meaning to be annexed to them, preclude all questions in regard thereto, and leave no reasonable doubt thereof. Ordinarily, an intention to give a statute a retroactive operation will not be inferred. If it is doubtful whether the statute or amendment was intended to operate retrospectively, the doubts should be resolved against such operation.' * * *"

See also *Monacelli v. Grimes*, 9 *Terry* 122, 99 *A*. 2d 255 and *Bethlehem Shipbuilding Corp. v. Mullen*, 2 *W*. *W*. *Harr*. 55, 119 *A*. 314.

An examination of the amended Section 2363 demonstrates that the very language is that of amendment rather than repeal. Furthermore, it is clear that rights of parties are affected in several ways, *viz.*:

(1) Employee no longer has to elect between compensation or suit at law.

(2) No right of action now exists against a natural person in the same employ.

(3) The employer or insurance carrier having paid the compensation at employee's election, no longer are subrogated to his rights until the expiration of 260 days or, not at all, if he himself elects to maintain an action.

(4) All parties are given the right to join in the action.

Nor am I impressed with defendant's argument that a retroactive effect must be given the amendment under the reasoning of *Hazzard v. Alexander*, 6 *W*. *W*. *Harr*. 212, 173 *A*. 517. In that case, the Legislature had abolished the right of a guest injured while riding in the automobile of his host to sue the host for injuries. The executrix (and wife) of a deceased guest brought such an action prior to the passage of the statute in question. It was held that the Statute constituted a repeal of the right of action even though instituted prior to the date of passage of the Act. However, in that case the Court pointed to language in the

Act[5] which in its judgment clearly indicated a legislative intent to repeal rather than amend, and, moreover, emphasized the fact that the primary purpose of the Act was aimed at abolishing an evil, namely, the multitude of suits arising from so-called guest actions.

*Rookledge v. Garwood,* 340 *Mich.* 444, 65 *N. W.* 2d 785 and *Foster v. Buckner,* 6 *Cir.,* 203 *F.* 2d 527 are cited as authority for the proposition that an identical section in the Michigan Workmen's Compensation Act has been construed as having a retroactive effect. The construction by a Supreme Court of another state of an identical Act or portion thereof is entitled to great weight. With deference, I am unable to accept these decisions as decisive of this case. As to the *Rookledge* opinion, the Michigan Senate Journal reflected a legislative intent to make the section in question retroactive. Such is not the case here. Secondly, the decision was based upon a completely different factual situation and resulted in saving a cause of action on behalf of an injured employee against a wrongdoer whereas the reverse would be true here. Lastly, the right sought to be asserted here was expressly granted by the Legislature[6] and, being a right of subrogation growing out of a payment to an injured employee by employer's insurance carrier, appears to be in the nature of a vested right.

In *Foster v. Buckner,* the decision of the Court on the point here under consideration seems to have been a clear dictum.

To summarize, there is no language in the amendment, as in the *Alexander* case above discussed, pointing to an inten-

---

[5] " 'No *person* transported by the owner or operator of a motor vehicle * * * *shall have a cause of action* * * * against such owner * * *.' " (Emphasis supplied.)

[6] "If compensation is awarded * * *, the employer who has paid the compensation [or his insurance carrier] * * *, shall be subrogated to the rights of the injured employee, * * * to recover damages against such third person, and may recover * * *, the indemnity paid or payable to the injured employee. Any recovery * * * in excess of the compensation theretofore paid * * *, shall be paid forthwith when collected, to the employee or his dependents." Title 19, *Del. C.* § 2363(b).

tion to make the section retroactive. And, while its purpose was obviously to abolish certain inherent inequities in the former Section 2363, it is highly questionable that the Legislature could have intended an outright repeal with the result that employer's (insurance carrier's) statutory right to recoup the compensation paid out was taken away, the injured employee's hope[7] of a recovery for his benefit over and above the amount of compensation paid became lost and the only party to benefit would be the wrongdoer. Paragraphs 12 and 13 of defendant's answer are accordingly ordered stricken.

The next question for decision is plaintiff's request that defendant admit that he was not a natural person in the same employ as plaintiff. This request has to do with the defense set up in paragraph 13 of defendant's answer. Inasmuch as this paragraph has been ordered stricken, the question becomes moot.

The final matter for disposition is defendant's motion to join Petrillo Brothers, the employer, as a third-party defendant.[8] This cannot be done. Neither the injured employee, having elected to take compensation, nor the insurance carrier, having become subrogated to his rights, could originally have sued the employer. If the plaintiff originally could not have sued the third-party wrongdoer, the latter cannot be joined thereafter as a third-party defendant. *Lutz v. Boltz*, 9 *Terry* 197, 100 *A.* 2d 647; *Ferguson v. Davis*, 9 *Terry* 299, 102 *A.* 2d 707.

An Order will be entered in accordance with this opinion.

---

[7]Even though it could not be regarded as a vested right, it may be said to be a sort of moral right.

[8]The rule of this Court relating to third-party practice is Rule 14, *Del. C. Ann.* It is identical with the Federal Rule.