**The DIAMOND STATE TELEPHONE COMPANY, a Delaware corporation, Third-Party Defendant Below, Appellant,**

v.

**The UNIVERSITY OF DELAWARE, Defendant and Third-Party Plaintiff Below, Appellee.**

Supreme Court of Delaware.

July 16, 1970.

Hugh L. Corroon, of Potter, Anderson & Corroon, Wilmington, for appellant.

Clement C. Wood, of Allmond & Wood, Wilmington, for appellee.

WOLCOTT, C. J., CAREY, J., and SHORT, Vice Chancellor, sitting.

WOLCOTT, Chief Justice:

This is an appeal by Diamond State Telephone Company (Diamond) from the denial of its motion to dismiss the third-party complaint of University of Delaware (University) on the ground that it fails to state a claim upon which relief can be granted. The third-party complaint of the University seeks indemnity of any amount recovered against it in the main action brought by the widow of a deceased employee of Diamond.

The deceased employee of Diamond was engaged in installing a T-V cable into one of the University buildings. He was killed by electrocution in a manhole containing electrical conduits owned by the University. The widow brought suit against the University, alleging negligence on its part in

the maintenance of a dangerous condition on its premises, to-wit, the manhole in which the decedent was electrocuted.

Following the filing of the action against it based upon its alleged negligence, the University, by third-party complaint, sought to bring Diamond into the action as a third-party defendant for purposes of indemnification. The third-party complaint, as amended, alleges that Diamond is an independent contractor engaged in supplying telephone service and other equipment to the general public. At the time the death of plaintiff's decedent occurred, Diamond was engaged in running the cable into a building on lands of the University at the request of the University. The University's theory of the third-party complaint is that "inherent in the obligations arising from the implied contract between Diamond and University for the work being done by Diamond * * * is the obligation to do the work in a careful and prudent manner", and that Diamond breached this duty.

Diamond moved to dismiss the third-party complaint on the ground that it did not state a claim upon which relief could be granted. The trial court denied Diamond's motion and from that order Diamond appeals.

■ University has moved to dismiss the appeal of Diamond on the ground that it is an appeal from an interlocutory order of the Superior Court which has settled no legal issue or determined substantial rights. We think, however, the motion to dismiss the appeal must be denied for the reason that the effect of the decision of the court below is to hold that an employer obligated to pay workmen's compensation to a deceased employee, and who has in fact paid that, may nevertheless, despite 19 Del.C. § 2304, be held to indemnify a third party which has been sued for its alleged negligence in causing the death of the deceased employee. This decision is a question of first impression in this state.

As such, a substantial issue and a legal right has been established and the interlocutory order is therefore appealable. Pepsico, Inc. v. Pepsi-Cola Bottling Co., Del.Supr., 261 A.2d 520 (1969).

Basically, the complaint made by the University against Diamond is that as an independent contractor performing work on the grounds of the University, it failed to notify the University of the time at which it intended to commence the work so that the University could have taken the necessary steps to make the area safe for the performance of the work, specifically to de-energize the electrical conduits contained in the manhole in which Diamond's employee met his death. In theory, it seeks damages for a breach of an implied covenant to perform the work in a workmanlike manner.

■ Initially, it may be observed, as the court below held, that University may not seek contribution from Diamond as a joint tortfeasor. This comes about by reason of 10 Del.C. § 6301, a part of the Uniform Joint Tortfeasor's Contribution Act, which requires that in order to enforce contribution, joint tortfeasors must be liable to the same person asserting the claim. Lutz v. Boltz, 9 Terry 197, 100 A.2d 647 (Del.1953); Ferguson v. Davis, 9 Terry 299, 102 A.2d 707 (Del.1954).

■ Diamond may not be held to be jointly liable with the University even though their respective acts of negligence, assuming such to be the fact, may have concurred in causing the death of the employee of Diamond. The reason for this is that Diamond has paid compensation under the Workmen's Compensation Law to the widow of its deceased employee which precludes any assertion against Diamond by the widow of common law liability for having caused the death through negligence. This occurs by reason of the provision in the Workmen's Compensation Law, 19 Del.C. § 2304, that

the payment of compensation to an injured employee or his representatives is exclusive and precludes the assertion of any other remedies against the employer. Miller v. Ellis, 11 Terry 11, 122 A.2d 314 (Del.1956).

The court below also apparently based its decision upon the concept that when two individuals jointly are negligent and the concurrent negligences contribute to the injury of another, one is the primary wrongdoer and the other is the secondary wrongdoer, or that such may be the fact. In that event, there are decisions holding that the primary wrongdoer has the duty to indemnify the secondary or passive wrongdoer for any recovery made against it by the injured party.

■ We think, however, that such may not be for the reason that to provide for indemnification in terms of primary and secondary, or active and passive wrongdoing is to hold the two parties as joint tortfeasors with the right of contribution running between them. As we have pointed out, under 19 Del.C. § 2304, and Miller v. Ellis, *supra,* this may not be under our law. That such parties must be treated as joint tortfeasors seeking contribution, one from the other, is made clear by Slattery v. Marra Brothers, Inc., 2 Cir., 186 F.2d 134, 139 (1951) in which it is stated that in imposing liability upon the primary-secondary basis, "We cannot, * * * agree that that result is rationally possible except upon the assumption that both parties are liable to the same person for the joint wrong." We agree with that statement. The court below was therefore in error in holding Diamond liable to the University upon the basis of primary and secondary wrongdoing or active and passive negligence concurring to cause the injury.

■ The court below also ruled that if a contract is not proven between University and Diamond, there may still be an equitable obligation on Diamond to indemnify University. Cited is the Restatement of Law on Restitution § 95 (1937). We think, however, that this has no application in the case at bar because it assumes the existence of an underlying fact that two individuals have become jointly liable for harm caused to a third person because of negligent failure to make safe a dangerous condition. As we have pointed out, Diamond cannot be held liable to decedent's widow on any common law theory by reason of its payment of compensation under the Workmen's Compensation Law and, therefore, there can be no joint liability to be made the basis for restitution.

■ It follows, therefore, that if Diamond is to be held liable to indemnify University, it must be upon some theory other than tortious conduct on its part. The only basis for liability to indemnify is the breach of a promise, either express or implied, between Diamond and University to perform the work in a workmanlike manner. This is the basis of University's third-party complaint against Diamond.

The theory of the main action against the University is that it negligently permitted the maintenance on its premises of an unsafe condition, to-wit, a manhole with exposed electrical conduits and water in the bottom, resulting in the death of Diamond's employee. The charge by the University against Diamond is that it breached the implied covenant of its contract with University to perform the specified work in a workmanlike and safe manner, knowing that the work to be performed involved a danger, to-wit, dealing with electrical conduits.

The right to maintain an action of this type by a third party against a negligent employer who has been paying workmen's compensation to his injured employee or his widow, is recognized in 2A Larson, Workmen's Compensation Law § 76.00 (1970). In this section it is pointed out that an employer may be held liable for indemnity

if he has breached an independent duty owed a third party, or if in the circumstances there is a basis for finding an implied promise of indemnity. If such is the fact, then the exclusive remedy provision in the Workmen's Compensation Law has no application and will not bar suit by the third party against the employer.

Professor Larson points out that the right to indemnity is clear when that obligation arises from a separate contractual relation such as an employer-tenant's express agreement to hold the landlord harmless, a bailee's obligation to indemnify a bailor, or a contractor's obligation to perform his work with due care. The University's theory in its third-party action against Diamond is the last theory.

The court below held Diamond liable to the University, depending upon what facts were adduced at trial, and what the circumstances were found to be by a jury. Fundamental reliance was made upon the leading cases of Ryan Stevedoring Co., Inc. v. Pan Atlantic Steamship Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956) and Westchester Lighting Co. v. Westchester County Small Estates Corp., 278 N.Y. 175, 15 N.E.2d 567 (1938).

The rule of indemnification by an employer to a third party based upon an implied promise of indemnity is a growth of the past 20 years in our decisional law, and largely is based upon holdings in the Federal Courts including the United States Supreme Court, in admiralty cases which may or may not have been originally decided upon the more lenient rules of indemnity or joint liability and right to contribute arising from the application of admiralty's more equitable approach toward joint defendants and their respective obligations, in contradistinction to the common law.

However, the rules are now relatively well settled by the *Ryan* case and Weyer-haeuser S.S. Co. v. Nacirema Operating Co., 355 U.S. 563, 78 S.Ct. 438, 2 L.Ed.2d 491 (1958). The *Ryan* case held that when the contract between the employer and the third party called for the performance of specified duties, there was an implied covenant to perform the service in a workmanlike way, and that breach of this covenant imposed liability for indemnification upon the employer. The *Weyerhaeuser* case followed *Ryan* but added that the Federal Courts for the future were to avoid in this field any reference to theories of active or passive, or primary or second negligence. The result is that all conceptions of joint tort liability have no application in the field with which we are now concerned.

In 2A Larson, Workmen's Compensation Law § 76.43(a) (1970) at page 250.44, *et seq.* the author examines and classifies the numerous cases handed down within the past 20 years in this field. He distinguishes between those cases which deal with an express written contract between the parties which contain an express covenant to perform in a workmanlike manner, or from which such a covenant may be implied. With respect to the others, he breaks them down into four categories which may be stated as follows:

The first category is that in which the employer coming upon the premises to perform his services creates a dangerous condition and the third party fails to discover that dangerous condition and injury results. In that circumstance, the employer is liable to indemnify the third party for any damages obtained against it.

In this category falls the *Ryan* case which allowed indemnification for the failure of the employer to correct a dangerous condition it, itself, had created and which had not been discovered by the third party, in that case a ship owner.

The second category is that in which the third party creates a dangerous condition

and the employer coming upon the premises to perform his services fails to discover it. In that circumstance, the employer is not liable to indemnify the third party for any damages recovered against it.

Examples of this category are American Mutual Liability Ins. Co. v. Matthews, 2 Cir., 182 F.2d 322 (1952) and Pena v. A/S Dovrefjell, D.C., 176 F.Supp. 677 (1959).

The third category is that in which the third party creates a dangerous condition on its premises and the employer, coming on the premises to perform its services, discovers the dangerous condition but continues to work, and injury results. In that circumstance, a majority of the reported decisions holds the employer liable to indemnify the third party for damages collected against it.

The fourth category is that in which the third party creates a latent dangerous condition, and the employer discovers the condition and activates it by his affirmative conduct. In such a situation, the employer may be liable in indemnity for breach of his implied agreement of workmanlike performance. Examples of this category are Crumady v. Joachim Hendrik Fisser, 358 U.S. 423, 79 S.Ct. 445, 3 L.Ed.2d 413 (1959) and Waterman S.S. Corporation v. David, 5 Cir., 353 F.2d 660 (1966).

■ From the foregoing, it is obvious that whether or not there exists liability to indemnify a third party depends entirely upon the factual circumstances surrounding the incident. In the unfortunate posture in which this case reaches us, we have no facts and circumstances upon which to arrive at a decision. The matter appealed to this court is the denial of the motion of the third-party defendant to dismiss the third-party complaint for failure to state a claim upon which relief can be granted.

The third-party complaint as amended alleges that Diamond was engaged in installing a cable into a building on the lands of the University at the request of the University. It is further alleged that the implied contract between Diamond and University obliged Diamond to do the work in a careful and prudent manner.

■ The University argues that a complaint may not be dismissed for failure to state a claim upon which relief can be granted if it gives general notice as to the nature of the claim asserted against the defendant. Pfeifer v. Johnson Motor Lines, Inc., 8 Terry 192, 89 A.2d 154 (Del. Super.1954). This is, of course, the law under our present rules of civil procedure. Also, it is the law that a complaint attacked by a motion to dismiss for failure to state a claim will not be dismissed unless it is clearly without merit, which may be either a matter of law or of fact. Nor will a complaint be dismissed for failure to state a claim unless it appears to a certainty that under no set of facts which could be proved to support the claim asserted would the plaintiff be entitled to relief. Vagueness or lack of detail in the pleaded claim are not sufficient grounds alone to dismiss a complaint for failure to state a claim. Morgan v. Wells, 32 Del.Ch. 108, 80 A.2d 504 (1951).

As we have seen in the foregoing, a possible liability in indemnification may come into existence if there is a contract between the third-party defendant and the third-party plaintiff for the performance of services by the third-party defendant on the premises of the third-party plaintiff. In the third-party complaint in this action, an implied contract between the University and Diamond is alleged for the performance of services upon the premises of the University. It is further alleged that inherent in the obligations of the implied contract is the obligation on the part of Diamond to do the work in a careful and prudent manner. It is further alleged that

this obligation was breached by Diamond by its failure to notify the University of the beginning of the progress of the work in question, and that Diamond's employees were going to work in the manhole.

 We think there is sufficient in the third-party complaint as amended to put Diamond on notice of the nature of the claim which is being asserted against it, viz., that of indemnification for its failure to perform its implied contract in a workmanlike manner. We, of course, do not know what the trial will produce in the way of proof upon this issue, but it is conceivable that University may produce enough factual evidence to establish the existence of the implied contract and the failure of Diamond to perform its obligations in a workmanlike manner. We call attention, however, to the fact that we are not passing upon the sufficiency of the mere failure of Diamond to give notice to the University of the time of commencement of the work to support the asserted liability. That question is really not before us and must remain for development in the trial court.

We rule, therefore, that the denial of Diamond's motion to dismiss the third-party complaint against it must be affirmed and the cause remanded for further proceedings not inconsistent with this opinion. We point out that it would serve perhaps a useful purpose if the liability of University to the main plaintiff, the widow of the deceased employee of Diamond, be first established before the trial of the issue of the liability of Diamond to indemnify University is tried.

In closing, we point out that the field of law in which this case falls is an extremely fluid one and of recent development, and that the rules are by no means as firm as in other cases involving liability between parties arising basically out of negligence. We suggest, therefore, that this is a proper field of law to be considered by the General Assembly, and to be remedied by the enactment of legislation.

The judgment below is affirmed.