Richard G. WALKER, Sr. and Loretta
Walker, Plaintiffs,

v.

Ruth B. PATTERSON, Defendant and
Third-Party Plaintiff,

v.

Bruce G. CRUIKSHANK, Third-Party
Defendant.

Civ. A. No. 3799.

United States District Court,
D. Delaware.

April 23, 1971.

James J. Horgan, Wilmington, Del., for plaintiffs.

Roger Sanders, of Prickett, Ward, Burt & Sanders, Wilmington, Del., for defendant and third-party plaintiff.

Albert L. Simon, Wilmington, Del., for third-party defendant.

## OPINION

LATCHUM, District Judge.

In this civil action based on negligence, the plaintiff, Richard G. Walker ("Walker"), seeks to recover damages from the defendant, Ruth B. Patterson ("Patterson"), for personal injuries which he allegedly sustained as a result of an automobile accident which occurred in Wilmington, Delaware on December 14, 1968. At the time of the accident Walker was a passenger in an automobile driven by Bruce G. Cruikshank ("Cruikshank"). The complaint alleges that Patterson negligently drove her automobile into Cruikshank's vehicle causing Walker's resulting personal injuries. The plaintiff, Loretta Walker, Richard's wife, seeks a recovery from Patterson for loss of consortium. Jurisdiction is based upon diversity of citizenship. 28 U.S.C. § 1332(a).

Patterson, pursuant to Rule 14, F.R. Civ.P., has filed a third-party complaint against Cruikshank seeking contribution in accordance with Delaware's Uniform Contribution Among Tortfeasors Act, 10 Del.C. §§ 6301–6308. The case is now before the Court on Cruikshank's motion

for summary judgment to dismiss the third-party complaint. The grounds for the motion are stated as follows:

> "At the time of the occurrence described in the Complaint, the plaintiff, RICHARD G. WALKER and the Third-Party Defendant BRUCE G. CRUIKSHANK were both in the employ of and were jointly engaged in the course of their employment by King Appliance Co., and as a result thereof the defendant, Third-Party Plaintiff is barred from recovery against the Third-Party Defendant under and by virtue of 19 Del.C. § 2363(a), there being no common liability of the Defendant and Third-Party Defendant to the Plaintiff."

The undisputed facts relevant to the present motion are as follows: At the time of the accident Walker was riding as a passenger in the automobile operated by Cruikshank.[1] Walker and Cruikshank were then both in the employ of and were jointly engaged in the course of their employment by King Appliance Co. as collector-salesmen.[2] At argument, Patterson conceded:[3]

> "We accept the fact that these people [Walker and Cruikshank] were co-employees of the same employer.
>
> \* \* \* \* \* \*
>
> "We do not dispute the fact that they were co-employees in the course of their employment at the time the accident occurred."

It is also admitted (1) that at the time of the accident King Appliance Co., Walker and Cruikshank's employer, had in its employ, in the regular course of its business, at least eight employees working on a full time basis[4] and (2) that Walker has never filed a claim for Workmen's Compensation benefits with the Industrial Accident Board nor has he ever been paid any such benefits for the personal injuries which he sustained as result of the automobile accident.[5]

In view of the undisputed facts and the Delaware law which is controlling in this diversity case under Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), I conclude Cruikshank's motion is well taken.

Title 19 Del.C. § 2363(a), as amended, provides in part as follows:

> "Where the injury for which compensation is payable under this chapter was caused under circumstances creating a legal liability in some person other than a natural *person in the same employ* or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies, but such injured employee or his dependents or their personal representative may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section." (Emphasis added).

The Supreme Court of Delaware has construed the words appearing in § 2363(a), "person in the same employ", as immunizing a fellow employee from all negligence suits brought by an injured co-employee to recover damages for an injury resulting from an accident which occurred while he was engaged in the course of his employment. The Court stated in Groves v. Marvel, 213 A.2d 853, 855 (Del.Supr. 1965):

> "*The purpose of § 2363(a), and like enactments, is to exclude co-employees from the category of 'third persons' who may be sued by an injured employee, and thus to bar common law negligence suits against co-employees by fellow employees or by subrogated employers in connection with compensable injuries.* It appears that the employer's immunity from suit has been legislatively extended to co-employees in a number of states on the

---

1. Docket Items 41 and 42 ¶ 1; 23 p. 32; 35 p. 3.

2. Docket Items 41 and 42 ¶ 2; 46, ¶ 1; 23 pp. 30–32; 36 pp. 15–21 & 35.

3. Docket Item 45 pp. 2–3.

4. Docket Item 46 ¶ 2.

5. Docket Items 33; 41 and 42 ¶ 3.

theory that, as part of the *quid pro quo* in the compromise of rights which forms the basis of workmen's compensation, employees are entitled to freedom from negligence suits for compensable injuries. The rationale for such legislation seems to be that by becoming employed in industry, the worker multiplies the probability of not only injury to himself but also liability to others; and if he is exposed to ruinous suits for damages by co-employees, the beneficent effects of workmen's compensation are too drastically reduced." (Emphasis added).

In the present case, since it is undisputed that Walker and Cruikshank's employer employed at least three employees, the Delaware Workmen's Compensation Act was applicable to Walker when he was injured during the course of his employment. 19 Del.C. § 2306. The Workmen's Compensation Act also provides that every employee and employer covered by the Act are bound by its provisions "to pay and to accept compensation for personal injury or death by accident arising out of and in the course of employment, regardless of the question of negligence and to the exclusion of all other rights and remedies." 19 Del.C. § 2304; see Hill v. Moskin Stores, Inc., 3 Storey 117, 165 A.2d 447, 449 (Del. Super. 1960).

Because it is admitted that Walker and Cruikshank were co-employees and were engaged in the course of their employment when Walker sustained his personal injuries as a result of the automobile accident, Walker is barred from bringing a common law negligence action against Cruikshank. Groves v. Marvel, supra, 213 A.2d at 855.

Patterson, however, by her third-party complaint seeks contribution from Cruikshank under the Delaware Uniform Contribution Among Tortfeasors Act, 10 Del.C. §§ 6301–6308 on the theory that Cruikshank's alleged negligence contributed to Walker's injury.[6] But it is clear that under Delaware law there can be no contribution unless there is a common liability to the injured person and unless the injured person has a possible remedy against two or more persons. This was the holding of Judge Carey (now Justice Carey) in Lutz v. Boltz,[7] 9 Terry 197, 100 A.2d 647, 648 (Del. Super. 1953) when he was deciding the question of whether a tortfeasor could recover contribution from another, whose negligence concurred in producing the injury, but who himself was not liable to the injured person because of the Delaware Guest Statute,[8] 21 Del.C. § 6101. The Court stated, 9 Terry at 199–200, 100 A.2d at 648:

"It is clear from the very language of the statute itself that it has no application unless there is a 'common liability' to the injured person. This liability may be joint or several, but there is no right to contribution unless the injured person has a possible remedy against two or more persons.

\*   \*   \*   \*   \*   \*

"In short, it is joint or several *liability*, rather than joint or concurring *negligence*, which determines the right of contribution."

To the same effect is Judge (now Justice) Herrmann's opinion in Ferguson v. Davis,[9] 9 Terry 299, 102 A.2d 707 (Del. Super. 1954). In that case the complaint charged that the defendant negligently drove her automobile into the

---

6. Docket Item 8.

7. Recently cited with approval by the Delaware Supreme Court in Diamond State Telephone Co. v. University of Delaware, 269 A.2d 52, 55 (Del.Supr.1970).

8. Title 21 Del.C. § 6101 bars a recovery by a non-paying guest from the operator of a motor vehicle, unless the accident was intentional on the operator's part,

or was caused by his wilful or wanton disregard for the rights of others.

9. Recently cited with approval by the Delaware Supreme Court in Short Line Inc. of Penn. v. Perez, 238 A.2d 341, 343 (Del.Supr.1968) and Diamond State Telephone Co. v. University of Delaware, supra, 269 A.2d at 55.

plaintiff's vehicle, which was being operated by the plaintiff's husband. The defendant filed a third-party complaint against the plaintiff's husband alleging his negligence and seeking contribution from him as a joint tortfeasor. The Court dismissed the third-party complaint, stating, 9 Terry at 300, 102 A.2d at 708:

"Since a wife may not sue her husband at law in this State, the plaintiff in this case has no possible remedy against her husband for damages arising from his negligence [Authority omitted]. Hence, to permit a third-party proceeding for contribution against the husband, as a joint tortfeasor, would be to render him liable indirectly upon a claim for which he may not be held liable directly.

\* \* \* \* \* \*

"Since there is no possible liability or right of action as between the third-party defendant and the plaintiff, his wife, it is held that the third-party plaintiff could have no right of contribution from the third-party defendant." [10]

It has also been held that where an employee is injured by the combined negligence of both his employer and another, the employer will escape liability for contribution to the other tortfeasor because of his immunity under the Workmen's Compensation Act from a direct action by the employee. Miller v. Ellis, 11 Terry 11, 122 A.2d 314, 318 (Del. Super. 1956); Ianire v. University of Delaware, 255 A.2d 687, 689 (Del.Super. 1969).

██ Applying these principles to this case, since Walker, the injured co-employee, may not bring a direct negligence action against his fellow employee Cruik-shank by virtue of 19 Del.C. § 2363(a), Patterson may not proceed for contribution against Cruikshank as a joint tortfeasor because this would render Cruikshank liable indirectly upon a claim for which he cannot be held directly liable.

Patterson argues, however, that the immunity provided to a co-employee from a negligence suit by an injured fellow worker under § 2363(a) only applies to injuries "for which compensation is payable" or for which there has been an "acceptance of compensation benefits." Thus Patterson contends that since Walker never applied for and was never paid workmen's compensation, the exclusive remedy provisions of the Workmen's Compensation Act are not applicable. Patterson has misconstrued the nature of the Delaware Workmen's Compensation Act. Since 1941, the Act has been compulsory and has covered "every employer and employee, adult and minor." Hill v. Moskin Stores, Inc., supra, 3 Storey at 122, 165 A.2d at 449.

As the *Groves* case held, the only requirements for immunity from suit is that the injured and injuring party be persons in the same employ acting in the course of their employment. Furthermore, compensation is payable under the Act for a personal injury "sustained by accident arising out of and in the course of the employment." 19 Del.C. § 2301. To hold that the acceptance of an actual compensation payment is necessary before the immunity arises under § 2363(a) would make the Delaware Workmen's Compensation Act an "elective" rather than a "compulsory" one, which it is not.

Accordingly, Cruikshank's motion for summary judgment dismissing the third-party complaint will be granted.

An order will be entered forthwith.

10. Cf. Fields v. Synthetic Ropes, Inc., 215 A.2d 427 (Del.Supr.1965).