**ICI AMERICA, INC., a Delaware corporation, Plaintiff,**

v.

**MARTIN–MARIETTA CORPORATION, a Maryland corporation, Defendant and Third-Party Plaintiff,**

v.

**JOHN E. HEALY & SONS, INC., a Delaware corporation, Third-Party Defendant.**

**Civ. A. No. 4471.**

United States District Court, D. Delaware.

Jan. 4, 1974.

Hugh L. Corroon, Potter Anderson & Corroon, Wilmington, Del., for plaintiff.

Rodman Ward, Jr. and Wayne N. Elliott, Prickett, Ward, Burt & Sanders, Wilmington, Del., for defendant and third-party plaintiff.

B. Wilson Redfearn and David E. Brand, Tybout, Redfearn & Schnee, Wilmington, Del., for third-party defendant.

## OPINION

STEEL, Senior District Judge:

The third-party defendant, John E. Healy & Sons, Inc., ("Healy") has moved for summary judgment against the third-party complaint of the defendant-third-party plaintiff, Martin-Marietta Corporation ("Martin-Marietta"), and for such relief as may be appropriate, on the ground that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law.

The original complaint alleges that on or about August 29, 1969, the plaintiff, ICI America, Inc., ("ICI") entered into a contract with Healy under which the latter was the general contractor for the construction of a commercial plant for ICI in Newark, Delaware, that part of Healy's duties was the construction of concrete floors in the plant, and that pursuant to those duties, Healy purchased certain concrete products from The Master Builders Company ("Master Builders"), a division of Martin-Marietta, under a contract between ICI as the owner and Healy as the general contractor on the one hand, and Master Builders on the other hand. The complaint further alleges that pursuant to the agreement, Master Builders on its part

agreed to sell to Healy certain concrete products, and that Master Builders expressly and impliedly warranted and represented to Healy and ICI that the products would:

(a) conform to affirmations of fact and promises concerning such products;

(b) conform to descriptions of such products;

(c) conform to samples of such products; and

(d) be fit for the particular purpose for which they were intended.

The complaint then alleges that Martin-Marietta breached these warranties and as a result of the breach many defects, such as cracking, discoloration, etc., appeared in the concrete floors in the plant, with resulting damage to ICI for which judgment against Martin-Marietta for $150,000 is prayed.

Jurisdiction is based upon diversity of citizenship and the amount in controversy exceeds, exclusive of interest and costs, the sum of $10,000.

Martin-Marietta has filed a third-party complaint against Healy. It alleges that part of Healy's duties as general contractor was to supervise and construct the concrete floors in the plant and to supply the materials, that Healy negligently performed its duties and "said negligence was *the*[1] cause of the damage, if any, as outlined in plaintiff's [ICI's] complaint", that Healy impliedly and explicitly warranted the materials used as to fitness, merchantability, and for use for their particular purposes, and that the concrete used in the base course and the topping was not fit, suitable or merchantable. The third-party complaint concludes by alleging that

"Healy is primarily liable for any loss or damage which may have been suffered by the said plaintiff, ICI." It prays, alternatively, for indemnification from Healy "because the primary and active fault lay with Healy", or that the relative degrees of fault be determined between Healy and Martin-Marietta and that Martin-Marietta be granted judgment against Healy for Healy's proportion of the fault.

 It is well established in this circuit that the right to contribution among joint tortfeasors in diversity cases is a substantive right which is controlled by state law.[2] Such a right exists in Delaware. 10 Del.C. § 6302(a); Fehlhaber v. Indian Trails, Inc., 45 F.R. D. 285, 286 (D.Del.1968), aff'd, 425 F.2d 715 (3rd Cir. 1970) (per curiam). "Joint tortfeasors" is defined to mean "two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them." 10 Del.C. § 6301.[3] Whether the Delaware substantive right of contribution may be asserted in a federal court by one joint tortfeasor against another by way of a third-party complaint is a procedural matter which is governed by F.R.Civ.P. 14(a).[4]

 In deciding the pending motion, the allegations of the third-party complaint must be accepted as true. The alleged fact that Healy warranted the materials as to fitness and merchantability creates no right in Martin-Marietta against Healy. These so-called "warranties" have significance only if made by a seller. 5A Del.C. §§ 2–314, 2–315. Healy was not a seller of the materials.

1. Italics supplied.

2. Smith v. Whitmore, 270 F.2d 741, 743–744 (3rd Cir. 1959); Gartner v. Lombard Bros., 197 F.2d 53, 55 (3rd Cir. 1952).

3. Before May 27, 1949, no right of contribution existed in Delaware between joint tortfeasors. Lutz v. Boltz, 9 Terry 197, 100 A. 2d 647 (Del.Super.1953). The Uniform Contribution Among Tortfeasors Act first appeared in 47 Del. Laws (1949), ch. 151.

This was carried forward into 10 Del.C. § 6301 et seq. Lutz, *supra*, 100 A.2d at 648.

4. Rule 14(a) reads in relevant part:

"(a) When Defendant May Bring in Third Party. At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

Of more relevance, however, is the allegation in paragraph 4 of the third-party complaint that Healy negligently performed its duties and said negligence was *"the* cause" [5] of the damage, if any, which ICI sustained. Considered independently of other allegations, paragraph 4 charges Healy with the *sole* responsibility for ICI's damage. This would negate any liability on the part of Martin-Marietta and destroy any basis for a claim that Martin-Marietta and Healy were jointly or severally liable for the alleged injury to ICI. Upon this postulate a claim by Martin-Marietta for contribution from Healy would not lie under Delaware law.

The third-party complaint, however, contains other allegations which would support a construction that if Martin-Marietta is liable to ICI, Healy is jointly or severally liable with it. Thus paragraph 6 alleges that Healy is *"primarily* liable" [6] for any loss or damage which ICI may have suffered. This suggests that if Martin-Marietta should be held liable for ICI's averred loss, the negligence of Healy is the major, but not sole cause of this loss, and that the responsibility for any loss does not rest solely on Martin-Marietta. Of the same import is the alternative prayer that the Court determine the relative degrees of fault between Healy and Martin-Marietta. The third-party complaint must be construed liberally. So construed, it would permit proof at the trial of a joint or several liability on the part of Martin-Marietta and Healy for the damage allegedly sustained by ICI.

Healy asserts with complete accuracy that the allegation that it was negligent in the performance of its contract with ICI establishes a breach of its duty to ICI. Because of this, it argues, it owed no duty to Martin-Marietta. The Delaware law is otherwise. If Healy and Martin-Marietta are joint tort-feasors, a duty of contribution between them is created by 10 Del.C. § 6302(a). Indispensible to a joint tortfeasor relationship is a "common liability" either "joint" or "several" that two or more parties have to the person injured. Without this dual liability to ICI of Healy and Martin-Marietta, no right of contribution can exist. If, however, as appears from the complaint and third-party complaint, Martin-Marietta and Healy each breached duties which they owed to ICI, each became liable to ICI and a right of contribution arose. The duty which Healy owed to ICI alleged in the third-party complaint does not defeat Martin-Marietta's right of contribution, but is essential to it. Lutz v. Boltz, 9 Terry 197, 100 A.2d 647 (Del. Super.1953). In 100 A.2d at p. 648, the Court in *Lutz* quoted with approval the following note of the Commissioners who prepared the Uniform Contribution Among Tortfeasors Act from which 10 Del.C. § 6302(a) derives:

> " 'It permits contribution among all tortfeasors whom the injured person could hold liable jointly and severally for the same damage or injury to his person or property.' " [7]

Continuing, the Court said in 100 A.2d at p. 648:

> "In short, it is joint or several *liability*, rather than joint or concurring *negligence*, which determines the right of contribution."

It is immaterial that the liability of Martin-Marietta alleged by ICI in the complaint rests upon a different theory than that alleged against Healy by Martin-Marietta in its third-party complaint. A third-party claim may be based on negligence although the main claim sounds in contract. 3 Moore, Federal Practice, ¶14.10 (2d ed. 1963). Healy makes no contention to the contrary. See reply brief of third-party defendant, p. 4.

---

5. Italics supplied.

6. Italics supplied.

7. When *Lutz* was decided, the Commissioners' note appeared in 9 U.L.A. at p. 158. This language now is found in 9 U.L.A. at p. 235 (1957 ed., E. Thompson Co.).

A valid cause of action for contribution under applicable state law having been alleged by Martin-Marietta against Healy, it is properly the subject of the third-party complaint under F.R.Civ.P. 14(a). Gartner v. Lombard Bros., 197 F.2d 53 (3rd Cir. 1952).

The motion of Healy for summary judgment, therefore, will be denied.

In view of this conclusion, it is not necessary to discuss whether the third-party complaint pleads a good cause of action for indemnity. In passing, however, it should be noted that the third-party complaint fails to allege a relationship between Martin-Marietta and Healy encompassed within those specified in Ianire v. University of Delaware, 255 A.2d 687 (Del.Super.1969), as prerequisite to a valid claim for indemnity.