**SUPERIOR COURT
OF THE
STATE OF DELAWARE**

RICHARD R. COOCH
RESIDENT JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 North King Street, Suite 10400
Wilmington, Delaware 19801-3733
(302) 255-0664

Robert C. Collins II, Esquire
Benjamin A. Schwartz, Esquire
Schwartz & Schwartz PA
1140 South State Street
Dover, Delaware 19901
Attorney for Plaintiff

Roger D. Landon, Esquire
Murphy & Landon
1011 Centre Road, #210
Wilmington, Delaware 19805
Attorney for Defendants Delaware Sleep
Disorder Centers, LLC, Delmarva Sleep
Diagnostics, Inc., and Springside, LLC

> **Re: Loretta Morabito v. Delaware Sleep Disorder Centers, LLC,
> Delmarva Sleep Diagnostics, Inc., and Springside, LLC
> C.A. No. N14C-10-005 RRC**

Submitted: April 17, 2015
Decided: June 23, 2015

On Defendant Springside, LLC's Motion to Dismiss Plaintiff's Complaint.
**DENIED**.

Dear Counsel:

## I.   INTRODUCTION

Defendant Springside, LLC has moved the Court to dismiss Plaintiff's Complaint.[1]  Defendant contends that the issue is ripe for decision as the questions

---

[1] The Court notes that for clarity, reference to "Defendant" is a reference to Defendant Springside, LLC, unless otherwise stated.  The Court also notes that present counsel for

1

to be decided by this Court are questions of law.  This Court disagrees and finds that the record has not yet been sufficiently developed to make the determinations that Defendant seeks at this juncture.  Defendant Springside's Motion to Dismiss is therefore **DENIED.**

## II.    <u>FACTUAL AND PROCEDURAL HISTORY</u>[2]

Plaintiff alleges that she slipped and fell in the shower area of a sleep study suite in which she had spent the night as part of testing for sleep apnea.  As part of the test, electrodes were applied to Plaintiff's scalp using a sticky substance.  The morning following the overnight sleep study, Plaintiff proceeded to take a shower in order to remove the sticky substance from her hair. Plaintiff finished her shower, and once outside the shower, Plaintiff began to slip, attempted to grab a wall to keep from falling, but fell despite her attempts.[3] Plaintiff cites the following as factors contributing to her fall:

    a.  The shower curtain did not keep water from escaping onto the bathroom floor;

    b.  The shower knob system was confusing, so rather than turning the water off as planned, she turned the water to a very hot temperature. This forced her to attempt to step out of the shower before getting burned by the water;

    c.  There was no bath mat or floor mat outside the shower;

    d.  The floor outside the shower was made of smooth tile;

    e.  There was standing water outside the shower when Plaintiff exited the shower;

    f.  No bath rails or handholds were nearby the shower to grab onto.[4]

Plaintiff commenced this action alleging negligence and seeking damages against Delaware Sleep Disorder Centers, LLC, Delmarva Sleep Diagnostics, Inc., and Springside, LLC.  Defendants Delaware Sleep Disorder Centers, LLC, and Delmarva Sleep Diagnostics, Inc., operate a sleep study practice in Newark, Delaware.[5] Defendant Springside "built and manages the suite and leases it to

---

Defendants entered an appearance as new counsel for Defendant Springside only after briefing on the motion was completed.

[2] This case is before the Court on a motion to dismiss, so this Court is required to accept all well-pleaded allegations in the complaint and any inferences drawn therefrom as true. *See, e.g.*, *Precision Air, Inc. v. Standard Chlorine of Delaware, Inc.*, 654 A.2d 403, 406 (Del. 1995)

[3] Pltf.'s Complaint at ¶¶ 33-36, D.I. 1 (Oct. 1, 2014).

[4] Pltf.'s Complaint at ¶¶ 18-37.

[5] Pltf.'s Complaint at ¶ 8.

Defendants Delaware Sleep and Delmarva Sleep."[6]  Plaintiff alleges that Defendants Delaware Sleep and Delmarva Sleep "had a duty to maintain the premises in a reasonably safe condition for business invitees" as the lessees of the property, and that they knew or should have known of their failures to make the shower area safe.[7] Plaintiff's allegations against Defendant Springside are discussed *infra*.

## III.  THE PARTIES' CONTENTIONS

### A. Plaintiff's Contentions

Plaintiff contends that Defendant Springside had ultimate control over the sleep study suite and thus had a duty to maintain it in a safe condition for business invitees. Further, Plaintiff argues that Defendant was negligent in failing to maintain a safe premise for invitees, failing to ensure its tenants did not create a hazardous condition in the sleep study suite, and failing to ensure that the shower area had reasonable safety devices.[8]

### B. Defendant Springside's Contentions

Defendant argues that Plaintiff's complaint fails to state a claim for relief because "Delaware law does not impose an obligation, or a legal duty upon a premises owner to undergo safety measures in warning, or shielding an occupant, of the dangers associated with bathing or showering."[9]  Defendant suggests that even if this Court were to accept the alleged facts as true, "[t]he specific facts alleged by Plaintiff establish that no negligent act was committed by Springside, or that Springside even owed Plaintiff a duty."[10]  Defendant contends that this case falls squarely within the purview of *Brown v. Dover Downs, Inc.*, which held that an innkeeper does not owe guests of an inn a duty to provide a bath mat in the bathtub in the guest's room.[11]

---

[6] Pltf.'s Complaint at ¶ 9.
[7] Pltf.'s Complaint at ¶¶ 39-40.
[8] Pltf.'s Complaint at ¶¶ 44-45.
[9] Def.'s Mot. to Dismiss at ¶ 1, D.I. 17 (Feb. 25, 2015).
[10] Def.'s Mot. to Dismiss at ¶ 4, 17, D.I. 17 (Feb. 25, 2015).
[11] Def.'s Mot. to Dismiss at ¶ 5-8, D.I. 17 (Feb. 25, 2015). *See also Brown v. Dover Downs, Inc.*, 2011 WL 3907536 (Del. Super. Aug. 30, 2011), *aff'd*, 2012 WL 540930 (Del. Feb. 21, 2012) (TABLE).

## IV.  STANDARD OF REVIEW

When deciding a motion to dismiss, the Court must examine the complaint and accept all well-pleaded allegations as true.[12]  If the facts alleged in the complaint are sufficient to support a claim for relief, the motion should be denied.[13]  "The test for sufficiency is a broad one, that is, whether a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[14]  "An allegation, though vague or lacking in detail, is nevertheless 'well-pleaded' if it puts the opposing party on notice of the claim being brought against it."[15]

## V.  DISCUSSION

This Court finds Plaintiff's negligence claim to be sufficiently pled to survive a motion to dismiss because Plaintiff has alleged "a duty, the breaching party, the breaching act, and the injured party."[16]  Plaintiff has alleged the element of duty by alleging that Defendant was negligent in failing to maintain a safe premise for invitees, failing to ensure its tenants did not create a hazardous condition in the sleep study suite, and failing to ensure that the shower area had reasonable safety devices.[17]  Plaintiff has identified the breaching party as Defendant, and has alleged the breaching acts by alleging failure to maintain, failure to ensure no hazardous conditions existed, and failure to ensure the shower had reasonable safety devices.[18]  Finally, Plaintiff has identified herself as the injured party.  Whether Plaintiff has proved proximate cause in the Complaint is irrelevant because she is not required to prove her case at this stage of the litigation.[19]

---

[12] *See Spence v. Funk*, 396 A.2d 967, 968 (internal citation omitted).

[13] *See id.*

[14] *Id.* (citing *Klein v. Sunbeam Corp.*, 94 A.2d 385 (Del. 1952).

[15] *Precision Air, Inc. v. Standard Chlorine of Delaware, Inc.*, 654 A.2d 403, 406 (Del. 1995) (citing *Diamond State Tel. Co. v. University of Del.*, 269 A.2d 52, 58 (Del. 1970)).

[16] *White v. APP Pharm., LLC*, 2011 WL 2176151, at *3 (Del. Super. Apr. 7, 2011) (declining to dismiss Plaintiff's negligence claim where four elements were sufficiently pled); *See also*, 65A C.J.S. Negligence § 778 ("It is a well established rule that a general averment of negligence in doing or omitting a particular act, unless it is too general to give defendants reasonable notice of the negligence charged, is good as against . . . a motion to dismiss for failure to state a claim.").

[17] Pltf.'s Complaint at ¶¶ 44-45.

[18] Defendant has also set forth claims of negligence against the remaining Defendants in this action, but those claims are not relevant here.

[19] *See White v. APP Pharm.*, LLC, 2011 WL 2176151, at *2 (Del. Super. Apr. 7, 2011) (internal citation omitted).

4

In opposition, Defendant relies on *Brown v. Dover Downs, Inc.*[20] for the proposition that it does not owe a duty to Plaintiff because the risks inherent in showering are "open, apparent, and obvious to anyone who has ever taken a bath or shower."[21]  Defendant would like this Court to find that it owed no duty pursuant to *Brown* to the Plaintiff and grant its Motion, but the Court finds that the factual record is simply too underdeveloped to make such a finding at this stage.  The Court finds that discovery is needed to understand, among other things, exactly how Plaintiff fell, who was in control of the activity in the sleep study suite, how a Sleep Disorder Clinig functions insofar as baths or showers of its patients are concerned, and whether a Sleep Disorder Clinic may potentially owe different or additional duties to guests than the duties owed by an "innkeeper."  Accordingly, since Plaintiff's claim is sufficiently well-pled, Defendant is not entitled to dismissal at this stage.

## VI.  <u>CONCLUSION</u>

For the foregoing reasons, Defendant Springside's Motion to Dismiss is **DENIED.**  This action is without prejudice to any right of Defendant Springside to file a motion for summary judgment upon the close of the factual record.  This Court intimates no view as to how any such dispositive motion will be decided.  The Court will promptly establish a scheduling conference to enter a Trial Scheduling Order.

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

oc:    Prothonotary

---

[20] 2011 WL 3907536 (Del. Super. Aug. 30, 2011), *aff'd*, 2012 WL 540930 (Del. Feb. 21, 2012) (TABLE).
[21] Def.'s Mot. to Dismiss at ¶ 6.