IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| LEO R. MADDOX, | : | |
| | : | |
| Plaintiff, | : | C. A. No. K15C-07-005 JJC |
| | : | |
| v. | : | |
| | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Defendant. | : | |

## <u>**ORDER**</u>

On this 17th day of November, 2015, having considered the State of Delaware's ("State's") Motion to Dismiss Leo Maddox's ("Plaintiff's") claims with prejudice, it appears that:

1. The Court has reviewed and considered (1) the State's Motion to Dismiss on the basis of Superior Court Rule 12(b)(6), collateral estoppel, and the doctrine of sovereign immunity, (2) Plaintiff's written response, and (3) the argument of the parties as presented in Court on November 6, 2015. For the following reasons, the State's Motion to Dismiss Plaintiff's claims with prejudice is **GRANTED**.

2. Plaintiff, in his complaint, alleges that the parties involved in a 2013 foreclosure action acted with the intent to deceive and defraud him. Specifically, Plaintiff alleges that Citimortgage defrauded him when foreclosing on his property from 2009-2012.[1] As alleged, the Superior Court committed fraud by overlooking relevant precedent and legal principles when dismissing his 2013 suit.[2]

---

[1] Plaintiff's Compl. ¶ 7.

[2] Plaintiff's Compl. ¶ 10.

3. In this case, Plaintiff seeks the same relief as he did in the 2013 suit against Citimortgage.[3] Plaintiff's appeal of that decision to the Delaware Supreme Court was not successful. He now sues the State of Delaware, and more specifically the Court, for alleged fraud and negligence in deciding the 2013 case.

4. The State filed a motion to dismiss based on Superior Court Rule of Civil Procedure 12(b)(6), arguing that the Plaintiff fails to state a claim upon which relief can be granted. The State argues that Plaintiff's claim is based on fraud and negligence and that Plaintiff did not plead either matter with particularity. The State also argues that this claim is barred by the doctrine of sovereign immunity. Finally, the State argues that this suit is a "back door" approach to appealing a final decision in the prior case and therefore is collaterally estopped.

5. When deciding a motion to dismiss under Superior Court Civil Rule 12(b)(6), all allegations in the complaint must be accepted as true.[4] The test for sufficiency is a broad one: the complaint will survive the motion to dismiss so long as "a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[5] Stated differently, a complaint will not be dismissed unless it clearly lacks factual or legal merit.[6]

6. Moreover, allegations of fraud must be pled with particularity.[7] This means that the "mere use of the word 'fraud' or its equivalent is not a sufficiently particular

---

[3] *Maddox v. CitiMorgage*, Inc. , 2014 WL 1155312 (Del. Super. Feb. 28, 2014), *aff'd Maddox v. CitiMortgage, Inc.* , 2014 WL 2568046 (Del. June 5, 2014).

[4] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

[5] *Id.* (citing *Klein v. Sunbeam Corp.*, 94 A.2d 385 (Del. 1952)).

[6] *Diamond State Tel. Co. v. Univ. of Del.*, 269 A.2d 52, 58 (Del. 1970).

[7] Del. Super. Ct. Crim. R. 9(b).

statement of the circumstances relied upon".[8] In this case, Plaintiff seeks return of his property sold at a sheriff's sale because he alleges the Court's actions in deciding a case in 2013 constituted fraud. [9] Merely stating that actions taken by an entity were fraudulent or negligent does not meet the required standard of pleading.

7. The State also correctly argues that the doctrine of collateral estoppel bars the claim at issue. "Pursuant to the doctrine of collateral estoppel, if a court has decided an issue of fact necessary to its judgment, that decision precludes re-litigation of the issue in a suit on a different cause of action involving a party to the first case."[10] The case at bar is an attempt to appeal the previous order of this Court in favor of Defendant Citimortgage by redirecting the suit against the State. The doctrine of collateral estoppel includes a bar against relitigating the same issue against a different party if that claim could have been raised at the time of the initial action. Plaintiff, after this Court's previous order in favor of Citimortgage, filed a motion for reargument which was denied.[11] Plaintiff then filed an appeal to the Delaware Supreme Court, which subsequently affirmed the decision of this Court.[12] Plaintiff exhausted his appeal rights regarding this foreclosure matter and the issue has already been litigated. For this additional reason, the present claim is barred.

8. Finally, sovereign immunity bars Plaintiff's claim against the State. "The doctrine of sovereign immunity, one long-recognized at common law, provides that

---

[8] *Halpern v. Barran*, 313 A.2d 139, 143 (Del. Ch. 1973).

[9] Plaintiff's Compl. ¶ 14.

[10] *M.G. Bancorporation, Inc. v. Le Beau*, 737 A.2d 513, 520 (Del. 1999), as modified on denial of reargument (May 27, 1999).

[11] *Maddox*, 2014 WL 1155312, at *2.

[12] *Maddox*, 2014 WL 2568046, at *1.

the State and its instrumentalities cannot be sued without the State's consent. The doctrine extends to employees of the State acting in their official capacities. The only way in which this immunity may be waived is by an express act of the Delaware General Assembly."[13] To overcome sovereign immunity, a Plaintiff must allege the absence of one or more of three elements, pursuant to 10 *Del. C.* § 4001. These elements are that "(1) the action was discretionary in nature; (2) the action was done in good faith; [or] (3) the action was done without gross or wanton negligence pursuant to 10 *Del. C.* § 4001."[14] The Plaintiff has failed to allege a waiver of immunity in this case, and one does not exist. Therefore, this action is also barred by the doctrine of sovereign immunity.

9. In conclusion, Plaintiff's allegations are barred by the doctrines of collateral estoppel and sovereign immunity, and Plaintiff also does not plead fraud or negligence with particularity. For these reasons, the Plaintiff's claims are dismissed with prejudice. Since these matters have been litigated multiple times, if Plaintiff files a further action involving allegations regarding the transaction at issue in this case, the Plaintiff is hereby provided notice that the Court will dismiss, *sua sponte*, such action.        **WHEREFORE**, it is ordered that the State's Motion to Dismiss is **GRANTED**.

/s/Jeffrey J Clark
Judge

---

[13] *Marvel v. State*, 2014 WL 7009516, at *3 (Del. Super. Dec. 8, 2014).

[14] *Hawkins v. Family Court of New Castle Cnty.*, 2014 WL 6674293, at *1 (Del. Super. Oct. 7, 2014).

4