

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-12-2006

# Groppi v. Bosco

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2552

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Groppi v. Bosco" (2006). *2006 Decisions.* Paper 105.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/105

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-28
NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2552
_____

JEFFREY GROPPI,
Appellant

v.

ROBERT BOSCO, Director; LOUIS BORRELLI, Probation Officer;
ROBERT MASSEY, Probation Officer; TROY WILLIAMSON, Warden;
DAVE MOFFAT, Camp Administrator;
DR. RICHARD WILLIAMS, RDAP Director

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil No. 06-cv-0355)
District Judge: Honorable Yvette Kane

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
October 26, 2006

Before:    RENDELL, SMITH and COWEN, <u>Circuit Judges</u>

(Filed   December 12, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

Jeffrey Groppi appeals the dismissal of his civil rights complaint by the United

States District Court for the Middle District of Pennsylvania. We will affirm.

Groppi is currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania (USP-Lewisburg). The State of Connecticut has issued a warrant for his arrest for failure to pay restitution as part of his sentence in an earlier, unrelated criminal matter. In February 2006, Groppi filed a complaint pursuant to 42 U.S.C. § 1983, seeking a declaratory judgment and injunctive relief. He alleges that issuance of the warrant has prevented him from participating in USP-Lewisburg's Drug Abuse Program at a halfway house and from receiving a furlough to visit his ailing son, in violation of his rights under the Fourteenth Amendment. The District Court dismissed the complaint. Groppi timely filed a notice of appeal.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. When a complaint is dismissed for failure to state a claim, our review is plenary. See Carino v. Stefan, 376 F.3d 156, 159 (3d Cir. 2004). We review de novo the District Court's decision with respect to personal jurisdiction. See Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 368 (3d Cir. 2002).

We agree that the District Court lacked jurisdiction over the Connecticut defendants in this case.[1] See Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (a defendant must have certain minimum contacts with a forum such that the maintenance of

---

[1] The Connecticut defendants are three officials of the Connecticut Office of Adult Probation.

a suit there does not offend traditional notions of fair play and substantial justice).  We further agree with the District Court that Groppi has failed to state a claim for which relief may be granted against the defendants at USP-Lewisburg.[2]  As the District Court explained, Groppi does not have a constitutional right to receive a furlough.  See 28 C.F.R. § 570.30 ("A furlough is not a right, but a privilege granted an inmate under prescribed conditions"); see also Bowser v. Vose, 968 F.2d 105, 106-7 (1st Cir. 1992) ("It is clear that the denial of a furlough implicates no inherent liberty interest").  Moreover, Groppi does not have a constitutional right to participate in the drug treatment program. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (Congress has given prison officials full discretion to determine eligibility for rehabilitative programs, and prisoners thus have no statutory or constitutional entitlement sufficient to invoke due process).

For the foregoing reasons, we will affirm the District Court's judgment.  Groppi's motions for expedited appeal and emergency stay of probation violator warrant, and for appointment of counsel are denied.  See Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993).

---

[2] The USP-Lewisburg defendants are the warden, camp administrator, and Drug Abuse Program director at the institution.