IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

WALTER EARL ALLEN, II,      :

                      :

        Petitioner,      :     C. A. No. K15M-10-007 JJC

                      :     In and for Kent County

      v.                  :

                      :

COMMISSIONER ROBERT COUPE,  :

GOVERNOR JACK MARKELL, and  :

WARDEN DAVID PIERCE,     :

                      :

        Respondents.    :

## **ORDER**

On this 18th day of February 2016, having considered Respondents Governor Jack Markell, Commissioner Robert M. Coupe, and Warden David Pierce's (hereinafter "Respondents'") motion to dismiss Petitioner Walter Earl Allen's, II, (hereinafter "Allen's") petition for a writ of mandamus, it appears that:

1. Allen is an inmate incarcerated at the James T. Vaughn Correctional Center (hereinafter "JTVCC") and housed in its Secured Housing Unit (hereinafter "SHU"). He alleges that he is not receiving adequate mental health treatment and that the State is violating his civil rights by placing him in JTVCC's SHU.

2. Allen filed, *in forma pauperis*, a petition for a writ of mandamus (hereinafter "Petition") requesting proper classification, mental health treatment, and the opportunity to work or to transfer to another prison. Respondents filed a motion to dismiss the Petition. Respondents argue that Allen has not demonstrated a clear right to a particular classification or to mental health care because classification and designation to participate in a particular rehabilitative program are not ministerial duties of the Respondents that could be remedied through a writ of mandamus. Respondents

emphasize that the relief requested falls within the discretion of the Delaware Department of Correction ("DOC"). With no clear right established, and no ministerial duty to act, Respondents move for a dismissal, or in the alternative, summary judgment. The Court agrees that, pursuant to 10 *Del. C.* § 8803(c) and Delaware Superior Court Civil Rule 12(b)(6), the Petition is legally frivolous and must be dismissed. Therefore, for the following reasons, Respondents' motion to dismiss is **GRANTED**.

3. Delaware courts have consistently followed the standards of Superior Court Civil Rule 12(b)(6) when considering motions to dismiss writ of mandamus petitions.[1] When deciding a motion to dismiss under Superior Court Civil Rule 12(b)(6), all well-pleaded allegations in a complaint or petition must be accepted as true.[2] The test for sufficiency is a broad one: the pleading will survive the motion to dismiss so long as "a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the [petition]."[3] Stated differently, a petition will not be dismissed unless it clearly lacks factual or legal merit.[4] As the Delaware Supreme Court has held, "[i]n deciding a motion to dismiss with respect to a petition for a writ of mandamus, this Court must consider the standards a party must meet in obtaining a writ."[5] Pursuant to 10 *Del. C.* § 8803, the Court also must review whether an *in forma*

---

[1] See *Shah v. Coupe*, 2014 WL 5712617, *1 (Del. Super. Nov. 3 2014); *Pinkston v. DE Dept. of Corr.*, 2013 WL 6439360, *1 (Del. Super. Dec. 4, 2013).

[2] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

[3] *Id.* (citing *Klein v. Sunbeam Corp.*, 94 A.2d 385 (Del. 1952)).

[4] *Diamond State Tel. Co. v. Univ. of Del.*, 269 A.2d 52, 58 (Del. 1970).

[5] *Caldwell v. Justice of the Peace Court No. 13*, 2015 WL 9594709, at *3 (Del. Super. Dec. 30, 2015).

*pauperis* claim is legally or factually frivolous or malicious.[6] Upon such a finding, the Court shall dismiss the action.[7] If the Court does not dismiss a petition initially, but later finds that it is factually or legally frivolous or malicious, the Court also may dismiss the petition.[8] With regard to this standard, a claim is factually frivolous where the factual allegations are "baseless, of little or no weight, value or importance, not worthy of serious attention or trivial."[9] A claim is legally frivolous where it is "based on an indisputably meritless legal theory."[10]

4. A writ of mandamus is an extraordinary remedy issued by this Court to compel a lower court, agency, or public official to perform a nondiscretionary or ministerial duty.[11] The issuance of a writ is within the Court's discretion; it is not a matter of right.[12] Before a writ is issued, "the Petitioner must demonstrate that: he [or she] has a clear legal right to the performance of the duty; no other adequate remedy is available; and the [lower body] has arbitrarily failed or refused to perform that duty."[13] A nondiscretionary or ministerial duty must be "prescribed with such precision

---

[6] 10 *Del. C.* § 8803(b).

[7] *Id.*

[8] 10 *Del. C.* § 8803(c).

[9] 10 *Del. C.* § 8801(4).

[10] *Desmond v. Phelps*, 2011 WL 7144241, *2 (Del. Super. Nov. 4, 2011) (citing 10 *Del. C.* § 8801(7)).

[11] *Brittingham v. Town of Georgetown*, 113 A.3d 519, 524 (Del. 2015).

[12] *Shah*, 2014 WL 5712617, at *1.

[13] *Nicholson v. Taylor*, 882 A.2d 762(TABLE), 2005 WL 2475736, *2 (Del. 2005); see also *Brittingham,* 113 A.3d 519 (Del. 2015).

and certainty that nothing is left to discretion or judgment."[14] If the duty is discretionary, the right is doubtful, the power to perform the duty is inadequate or wanting, or if any other adequate remedy exists, then the Petitioner is not entitled to a writ of mandamus.[15]

5. In *Pinkston v. Delaware Department of Correction*,[16] the Superior Court reviewed a similar claim as that made by Allen. There, Petitioner was incarcerated at JTVCC and was reassigned to the SHU after an institutional infraction.[17] In his Petition, he alleged that he was improperly classified and that his rights were violated. Petitioner therefore sought to be reclassified to a lower security status and assigned to a treatment program through a petition for a writ of mandamus.[18] The *Pinkston* Court cited the United States Supreme Court for the proposition that an inmate has no constitutionally protected liberty interest in a particular classification or level of custody.[19] Furthermore, neither Delaware law nor DOC regulations provide for a liberty interest in inmate classification.[20] Because the Petitioner failed to establish a clear right to the performance of a non-discretionary duty, he was not entitled to the writ.[21]

---

[14] *Id.*

[15] *Pinkston*, 2013 WL 6439360, at *1.

[16] *Pinkston v. DE Dept. of Corr.*, 2013 WL 6439360, (Del. Super. Dec. 4, 2013).

[17] *Id.*

[18] *Id.*

[19] *Id.* at*3.

[20] *Id.*

[21] *Id.* at *5.

6. Likewise, in *Desmond v. Phelps*[22] the Superior Court also concluded that "Delaware's penal system [provides] no protected liberty interest in a particular classification or in a particular housing unit."[23] The claimant, in that case, was placed in maximum security and filed a petition for writ of mandamus to be transferred to a less restrictive classification.[24] There, the Court recognized that the transfer of a prisoner is within the discretion of prison officials.[25] Because the duty to classify inmates is discretionary, the Court refused to intervene and dismissed the petition as legally frivolous.[26]

7. In the separate context of 42 U.S.C. § 1983 actions, the Federal District Court of Delaware and the Third Circuit Court of Appeals have recognized that inmates have no constitutional rights to rehabilitative treatment. In *Abraham v. Danberg*,[27] the plaintiff was transferred to the SHU and removed from a drug treatment program following a disciplinary violation.[28] The plaintiff brought an action pursuant to 42 U.S.C. § 1983 alleging constitutional violations.[29] The *Abraham* Court stated that "[p]risoners have no constitutional right to drug treatment or other rehabilitation."[30] The

---

[22] *Desmond v. Phelps*, 2011 WL 7144241 (Del. Super. Nov. 4, 2011).

[23] *Id.* at *2.

[24] *Id.* at *3.

[25] *Id.* at *2

[26] *Id.* at *3

[27] *Abraham v. Danberg*, 832 F. Supp.2d 368 (D. Del. 2011).

[28] *Id.* at 373.

[29] *Id.* at 369.

[30] *Id.* at 375.

Court also cited precedent holding that prisoners do not have a constitutional right to rehabilitation, education, or jobs.[31]

8. Likewise, in *Groppi v. Bosco*,[32] the appellant alleged that he was prevented from participating in a drug treatment program at a halfway house due to an earlier unrelated sentence in Connecticut.[33] He filed a complaint pursuant to 42 U.S.C. § 1983 seeking declaratory and injunctive relief.[34] The Court held that appellant did not have a constitutional right to participate in a drug treatment program, and that prison officials have full discretion in determining eligibility for rehabilitative programs.[35]

9. Here, Allen requests to be classified differently, released to the general population, given an opportunity to participate in mental health treatment and work, or to be transferred to a different prison. Allen has not demonstrated a clear legal right to his requested relief. Namely, Allen does not have a constitutional right to any particular classification or type of housing. Such decisions are fully within the discretion of DOC and public officials within that agency. Inmates have no legal right to choose their classification or housing. Furthermore, any decisions regarding placement of Allen in particular rehabilitative, mental health treatment, or work programs are discretionary. They do not involve a ministerial or non-discretional duty that could be addressed through a petition for writ of mandamus.

10. Allen requests entirely discretionary relief which is not a matter of right.

---

[31] *Id.* (citing *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981)).

[32] *Groppi v. Bosco*, 208 Fed.Appx. 113 (3d Cir. 2006).

[33] *Id.* at 114.

[34] *Id.*

[35] *Id.* at 115.

Allen also did not adequately plead the requirements for a writ of mandamus. His claims have no legal merit and are therefore legally frivolous. Accordingly, it is apparent to the Court that dismissing the Petition is appropriate pursuant to 10 *Del. C.* § 8803(c) and Superior Court Civil Rule 12(b)(6).

**WHEREFORE**, Petitioner's request for a writ of mandamus is legally frivolous and does not present a claim for which relief may be granted. Accordingly, Respondents' motion to dismiss is **GRANTED** with prejudice.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Judge


JJC/jb
*Via File & ServeXpress*
copy: Walter Earl Allen, II, *Pro se*