# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MARCUS JOHNSON,  )
  )
Plaintiff,  )
  )
v.  )
  )  C.A. No. N16C-12-217 CLS
CONNECTIONS COMMUNITY  )
SUPPORT PROGRAMS INC., et. al,  )
  )
Defendants.  )
  )
  )

Submitted: June 30, 2017
Decided: September 29, 2017

## ORDER

Plaintiff, Marcus Johnson ("Plaintiff") filed a civil malpractice action against Jane Doe #1, Jane Doe #2, Cynthia Mallee, Jami Jones, Laura Brackett, Staci Collins-Young, Sharon Henderson, and Connections Community Support Programs, Inc., ("Defendants") on January 5, 2017. In his Complaint, Plaintiff alleges he is injured from the neglect of scheduling and/or re-scheduling of Plaintiff to see a doctor. Plaintiff claims that he has not received treatment for sleep apnea, sinus issues, and allergies. Plaintiff claims he filed a medical grievance on February 14, 2016, and "Jane Doe #1" scheduled an appointment that subsequently never occurred. Plaintiff states that he filed a second grievance on May 14, 2016, and

"Jane Doe #2" scheduled an appointment, which subsequently did not occur. On August 3, 2016, Defendants Brackett, Collins-Young, and Henderson upheld Plaintiff's grievance and recommended treatment in a timely manner.

Defendants filed a Motion to Dismiss on April 28, 2017. Defendants move to dismiss Plaintiff's Complaint on three grounds: (1) improper service; (2) failure to state a legal claim; and (3) improper jurisdiction. Plaintiff filed this case as a civil malpractice action. Plaintiff alleges that Defendants "knowingly, intentionally, unreasonably, and with deliberate indifference and/or neglect" failed to schedule an appointment or ensure Plaintiff was treated for his alleges illnesses. Defendants argue that Plaintiff's claims can most reasonably be construed as a claim for negligent administration or deliberate indifference to a serious medical need.

### A. Plaintiff's Claims against "Jane Doe #1" and "Jane Doe #2" fail as a matter of law.

Delaware law is clear that "fictitious name practice is not permitted. This is because there is no statute or rule specifically authorizing fictitious name practice. Filing a claims against 'John Doe' has no legal effect in this State."[1] Plaintiff's claims against "Jane Doe #1" and "Jane Doe #2" are hereby dismissed. Not only does fictitious name practice have no legal effect, its "impossible to obtain services

---

[1] *Haskins v. Kay*, 2007 WL 4662114, at *5 (Del. Super. Sept. 27, 2007).

of process on a non-existent person."[2]  Plaintiff's claims against Jane Doe #1 and Jane Doe #2 are therefore dismissed.

**B. To the extent that Plaintiff's claims are medical negligence claims, these claims are dismissed along with Plaintiff's claims for injunctive relief against all Defendants.**

Plaintiff's Complaint states that he "brings this action against the Defendants under title 18 *Del. C.* § 6801(4)" due to Defendants "negligence in administration, hiring, and oversight."  Plaintiff also states: "Although I intend to bring healthcare medical negligence claims in the future, these present claims are ordinary negligence claims, pursuant to *Del. C. Tit. 18* § 6801(4)."  As this Court has held before, where a plaintiff seeks damages in a medical malpractice action, 18 *Del. C.* § 6853(a) requires that plaintiff submit an affidavit of merit with the complaint.[3]  In Delaware, medical malpractice claims must be "supported by an affidavit of merit.  In the affidavit of merit, an expert witness must state reasonable grounds to believe health-care medical negligence was committed by each defendant."[4]  There are three scenarios under Delaware law where the plaintiff is entitled to the rebuttable

---

[2] *Id.*

[3] 18 *Del. C.* § 6853(a). *See also George v. Connections Community Support Programs, Inc.*, 2017 WL 2981809, at *2 (Del. July 12, 2017).

[4] *De Roche v. Grewal*, 2016 WL 5793721, at *1 (Del. Super. Ct. Oct. 4, 2016); *see also* 18 *Del. C.* § 6853(a)(1).

presumption of negligence, and therefore does not need the support of an affidavit of merit. This rebuttable presumption attaches to the following circumstances:

(1) A foreign object was unintentionally left within the body of the patient following surgery;
(2) An explosion or fire originating in a substance used in treatment occurred in the course of treatment; or
(3) A surgical procedure was performed on the wrong patient or the wrong organ, limb or part of the patient's body.[5]

As Plaintiff's claims do not fall within the above scenarios, and Plaintiff filed this action as a civil malpractice action with claims under Chapter 68 of Title 18, an affidavit of merit was required at the time the Complaint was filed. Additionally, Plaintiff seeks injunctive relief with respect to these claims against Defendants. This Court does not have the ability to grant Plaintiff injunctive relief.[6] Therefore Plaintiff's claims seeking injunctive relief are hereby dismissed.

C. **To the extent that Plaintiff plead negligent supervision and deliberate indifference in his Complaint, these claims fail as a matter of law.**

Defendant argues that Plaintiff's "negligent administration" claim is essentially a "negligent supervision" claim, and this claim is meritless. To the extent that Plaintiff's claim is a negligent supervision claim, Plaintiff has not presented evidence to support it. "An action for negligent supervision is based upon the

---

[5] 18 *Del. C.* § 6853(e).
[6] *See Martin v. Widener University School of Law*, 1992 WL 153540, at *5 (Del. Super. June 4, 1992).

4

employer's negligence in failing to exercise due care to protect third parties from the foreseeable tortious act of an employee."[7]  Additionally, the "employer is liable for negligent hiring or supervision where the employer is negligent in giving improper or ambiguous orders or in failing to make proper regulations, or in the employment of improper persons, thus creating an unreasonable risk of harm to others."[8] Plaintiff's complaint lacks any evidence to support this contention.  The test for sufficiency of a complaint challenged by a Rule 12(b)(6) motion to dismiss is whether a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint.[9]  In making its determination, the Court must accept all well-pleaded allegations in the complaint as true and draw all reasonable factual inferences in favor of the non-moving party.[10] The complaint must be without merit as a matter of fact or law to be dismissed.[11] Therefore, if the plaintiff can recover under any conceivable set of circumstances susceptible of proof under the complaint, the motion to dismiss will not be granted.[12]

---

[7] *Matthews v. Booth*, 2008 WL 2154391, at *3 (Del. Super. May 22, 2008).

[8] *Id.*

[9] *Spence v. Funk,* 396 A.2d 967, 968 (1978); *see Cambium Ltd. v. Trilantic Capital Partners III L.P.*, 2012 WL 172844, at *1 (Del. Jan. 20, 2012) (citing *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 537 (Del. 2011)).

[10] *Ramunno v. Cawley,* 705 A.2d 1029, 1034-36 (Del.1998); *Nix v. Sawyer,* 466 A.2d 407, 410 (Del. Super. Ct.1983).

[11] *Diamond State Tel. Co. v. University of Delaware,* 269 A.2d 52 (Del.1970).

[12] *Ramunno*, 705 A.2d at 1034; *see Cambium*, 2012 WL 172844, at *1 (citing *Cent. Mortg.*, 27 A.3d at 537).

Plaintiff has not presented evidence to infer that the employer failed to exercise due care to protect him from foreseeable tortious acts of an employee, or that there was a tortious act in general. Rather, Plaintiff's complaint is that the Defendants failed to schedule an appointment with the "provider." However, as Plaintiff states, his grievance was upheld by the board, and the board directed that he be scheduled for an appointment in a timely matter. To the extent that Plaintiff plead negligent supervision, these claims are dismissed against all Defendants. Similarly, Plaintiff has not demonstrated a proper claim for deliberate indifference to Plaintiff's rights. "Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'."[13] "To succeed with a deliberate indifference claim, an inmate must make two showings: (1) from an objective standpoint, the medical need must be sufficiently serious; and (2) the prison official must have the culpable state of mine of 'deliberate indifference' towards the inmate's health."[14] Similarly, "to demonstrate deliberate indifference, plaintiff must prove that prison officials knew of, and disregarded, an excessive risk to inmate health. Plaintiff must show that defendants were 'both [ ] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . also [drew] the inference."[15]

---

[13] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).
[14] *Deputy v. Conlon*, 2010 WL 4056147, at *2 (Del. Super. Sept. 23, 2010).
[15] *Id.*

Plaintiff does not plead facts to justify a deliberate indifference claim against Defendants. Plaintiff's Response states that Defendants failed to schedule Plaintiff for a follow up or prescribe medication for his alleged ailments. These allegations do not meet the standard for a deliberate indifference claim. Plaintiff has not shown that the medical claim is sufficiently serious or that the prison officials had the culpable state of mind. Because Plaintiff's claims are dismissed, the Court does not need to address Defendants' insufficient service of process claim. Additionally, On April 12, 2017, Plaintiff filed a Motion for Protection from Abuse and/or Restraining Order. This Court lacks jurisdiction to grant such relief.[16]

For the aforementioned reasons, Defendants' Motion to Dismiss is hereby **GRANTED.**

**IT IS SO ORDERED.**

**/s/ Calvin L. Scott**

**Judge Calvin L. Scott, Jr.**

---

[16] *See Wilson v. Danberg,* 2010 WL 3432647, at *2 (Del. Super. Aug. 5, 2010)("[P]laintiffs may not seek injunctive relief, i.e., a temporary restraining order and/or injunction because this Court lacks jurisdiction to grant such.").