# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

REGINALD MARTIN,                        )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )        C.A. No. N15C-08-059 CLS
                                        )        CONSOLIDATED
                                        )
SPOSATO LANDSCAPE                       )
COMPANY, INC., SPOSATO                  )
INVESTMENT LLC, JEREMY A.               )
BAKER, and SAMUEL F. TULL,              )
                                        )
        Defendants.                     )
_____        )
CAPITOL CLEANERS &                      )
LAUNDERERS, INC., and                   )
PENINSULA INDEMNITY                     )
COMPANY, a/s/o/ REGINALD                )
MARTIN,                                 )
                                        )
        Plaintiffs,                     )
        v.                              )
                                        )
SAMUEL F. TULL, STATE FARM              )
MUTUAL AUTOMOBILE                       )
INSURANCE COMPANY, JEREMY               )
A. BAKER, SPOSATO                       )
LANDSCAPE COMPANY, INC.,                )
SPOSATO INVESTMENT LLC, and             )
THE CINCINNATI INSURANCE                )
COMPANY,                                )
        Defendants.

Submitted:  November 15, 2017
Decided:  February 22, 2018

On Defendants' Motion to Dismiss.
**DENIED.**

Defendants Jeremy A. Baker, Sposato Landscape Company, Inc., and Cincinnati Insurance Company ("Defendants") moved to dismiss the Complaint pursuant to Superior Court Civil Rule 12(b)(6). Defendants State Farm and Samuel F. Tull joined the Motion. For the following reasons, Defendants' Motion to Dismiss is **DENIED.**

## Background

On September 10, 2013, Plaintiff Reginald Martin ("Plaintiff Martin") was a passenger in a vehicle while in the course and scope of his employment with Plaintiff Capitol Cleaners & Launderers, Inc. ("Plaintiff Capitol"). Plaintiff Peninsula Indemnity Company ("Plaintiff Peninsula") is the workman's compensation insurance for Plaintiff Capitol. Plaintiff Martin's vehicle was struck by both Defendant Jeremy A. Baker ("Defendant Baker"), who was operating a vehicle while in the course and scope of employment with Defendant Sposato Landscape Company, Inc. ("Defendant Sposato"), and a vehicle owned by Defendant Samuel F. Tull ("Defendant Tull"). Defendant Cincinnati Insurance Company ("Defendant Cincinnati") is the liability carrier for Defendant Baker's vehicle, and Defendant State Farm Mutual Automobile Insurance Company ("Defendant State Farm") is the liability insurance company for the vehicle driven by Defendant Tull. Plaintiff Reginald Martin filed a third party liability personal injury suit against Defendants

Baker, Tull, and Sposato. That case was subsequently consolidated with this case initiated by Plaintiffs Capitol and Peninsula.

Defendants filed a Motion to Dismiss on the basis that 10 *Del. C.* § 2363(a) does not permit an action by both the individual, here Plaintiff Reginald Martin, and the employer and compensation carrier. Plaintiffs Capitol and Peninsula filed a Response. In their Response Plaintiffs argue that Defendants' argument lacks support from both the plain reading of the statute and Delaware case law. Additionally, Plaintiffs Capitol and Peninsula agree that Plaintiffs' remedies are specifically limited to 10 *Del. C.* § 2363(e) and the Plaintiffs' subrogated rights of recovery are limited to the third-party liability insurers, but Plaintiffs disagree with Defendants' contention that the employer and insurance carrier are inappropriate parties to the action. Plaintiff Reginald Martin did not participate in briefing.

### **Discussion**

Pertinent to this action, 19 *Del. C.* § 2363(a) states:

> Where the injury for which compensation is payable under this chapter was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies, but such injured employee or the employee's dependents or their personal representative *may also proceed to enforce the liability of such third party for damages* in accordance with this section. If the injured employee or the employee's dependents or personal representative does not commence such action within 260 days after the occurrence of the personal injury, then the

employer or its compensation insurance carrier may, within the period of time for the commencement of actions prescribed by statute, enforce the liability of such other person in the name of that person . . . Any party in interest shall have a right to join in said suit.[1]

Defendants' argument is that this section of the statute prohibits the employer, insurance carrier, *and* the employee who were injured from suing the third party. However, 10 *Del. C.* §§ 2363(b) and (c) states:

> (b) Prior to the entry of judgment, either the employer or the employer's insurance carrier or the employee or the employee's personal representative may settle their claims as their interest shall appear and may execute releases therefor.

> (c) Such settlement and release by the employee shall not be a bar to action by the employer or its compensation insurance carrier to proceed against said third party for any interest or claim it might have, and such settlement and release by the employer or its compensation insurance carrier shall not be a bar to action by the employee to proceed against said third party for any interest or claim the employee may have.

The test for sufficiency of a complaint challenged by a Rule 12(b)(6) motion to dismiss is whether a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint.[2] In making its determination, the Court must accept all well-pleaded allegations in the complaint

---

[1] 10 *Del. C.* § 2363(a)(emphasis added).
[2] *Spence v. Funk,* 396 A.2d 967, 968 (1978); *see Cambium Ltd. v. Trilantic Capital Partners III L.P.*, 2012 WL 172844, at \*1 (Del. Jan. 20, 2012) (citing *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 537 (Del. 2011)).

as true and draw all reasonable factual inferences in favor of the non-moving party.[3] The complaint must be without merit as a matter of fact or law to be dismissed.[4] Therefore, if the plaintiff can recover under any conceivable set of circumstances susceptible of proof under the complaint, the motion to dismiss will not be granted.[5] A plain reading of the statute, as a whole, does not follow Defendants' argument. 10 *Del. C.* § 2363(a) states: *Any party in interest shall have a right to join in said suit*. Additionally, Plaintiffs agree that any recovery is limited to the third-party liability insurers involved in this action, but the that Defendants Sposato, Baker, and Tull are parties in interest and their participation in the law suit may be necessary if Plaintiffs must pursue their rights after resolution of the third-party personal injury suit. Since the two cases have been consolidated, and the Plaintiffs agree with Defendants on the limitation of remedies, the Court believes that a Motion to Dismiss is not proper as the Court can proceed with the two suits at this time. Defendants' Motion to Dismiss is hereby **DENIED**.

    **IT IS SO ORDERED.**

/s/ Calvin L. Scott
The Honorable Calvin L. Scott, Jr.

---

[3] *Ramunno v. Cawley,* 705 A.2d 1029, 1034-36 (Del.1998); *Nix v. Sawyer,* 466 A.2d 407, 410 (Del.Super.Ct.1983).
[4] *Diamond State Tel. Co. v. University of Delaware,* 269 A.2d 52 (Del.1970).
[5] *Ramunno*, 705 A.2d at 1034; *see Cambium*, 2012 WL 172844, at *1 (citing *Cent. Mortg.*, 27 A.3d at 537).