# IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

| | | |
|---|---|---|
| USAA CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Defendant Below/Appellant, | ) ) | |
| v. | ) ) | C.A. No. N19C-05-054 CLS |
| JOSEPH FOSNAUGHT, | ) ) ) | |
| Plaintiff Below/Appellee. | ) | |

## ORDER

Date Submitted: July 15, 2019
Date Decided: October 14, 2019

*Upon Defendant USAA Casualty Insurance's*
*Motion to Dismiss in Lieu of Answer*
**Denied.**

Dennis A. Mason II, Esquire, The Freibott Law Firm, P.A., Wilmington, DE, Attorney for Plaintiff Below/Appellee.

Lisa M. Grubb, Esquire, Marshall Dennehey Warner Coleman & Goggin, Wilmington, DE, Attorney for Defendant Below/Appellant.

**Scott, J.**

1

USAA Casualty Insurance ("Defendant") filed a Motion to Dismiss in Lieu of Answer, arguing that Joseph Fosnaught ("Plaintiff") lacks standing. For the following reasons, Defendant's motion is DENIED.

## Background

On July 20, 2018, Plaintiff was injured in an automobile collision. Plaintiff alleges he suffered injuries as a result of this collision. Plaintiff subsequently received medical care from Christiana Care for these injuries.[1] At the time of the collision, Plaintiff alleges he was insured by Defendant under an automobile insurance policy that included personal injury protection ("PIP") coverage with limits of $300,000/$500,000.[2]

After the accident, Plaintiff alleges that Defendant failed to pay the full amount of PIP costs to which Plaintiff was entitled under the policy limits.[3] Defendant alleges that it was only obligated to pay an amount which it considered reasonable for the services rendered.[4] Plaintiff and Defendant engaged in arbitration proceedings to resolve this matter. On April 15, 2019, a Department of Insurance Arbitration Panel awarded Plaintiff $2,394 in unpaid PIP expenses. Defendant appealed this decision on May 8, 2019.

---

[1] Compl. ¶ 3.
[2] Compl. ¶ 4.
[3] Compl. ¶¶ 6, 9; Def. USAA Insurance's Mot. Dismiss ¶¶ 3, 7.
[4] Def. USAA Insurance's Mot. Dismiss ¶ 3.

2

In his Complaint on Appeal, Plaintiff alleges Defendant's conduct constitutes a breach of contract and violates 21 *Del. C.* §§ 2118, 2118B. Plaintiff claims he is entitled to special and statutory damages.[5] In response to Plaintiff's complaint, Defendant filed this motion to dismiss.

## Parties' Assertions

Defendant argues that Plaintiff's claim must be dismissed for lack of standing. Defendant cites the Delaware Department of Insurance's Bulletin 10 ("Bulletin 10") in support of its argument that Plaintiff lacks standing.[6] Specifically, Defendant contends that Bulletin 10 gives standing only to medical providers to bring a claim for lack of payment.[7]

In response, Plaintiff argues that he has standing to bring this claim as a matter of contract law.[8] Plaintiff further contends that Bulletin 10, as an advisory opinion, cannot trump Delaware's statutorily-created financial responsibility laws.[9] Plaintiff also points to the existence of regulations creating an arbitration process for actions

---

[5] Compl. ¶¶ 9–13.
[6] Def. USAA Insurance's Mot. Dismiss ¶¶ 5, 7, 13.
[7] Def. USAA Insurance's Mot. Dismiss ¶ 5 (quoting Bulletin 10). Defendant cites the following language in support of this proposition: "A dispute over the remaining amount of such a fee should remain a dispute between the carrier and the provider." Del. Dep't of Ins. Auto Bull. No. 10, Personal Injury Protection ("PIP") (1998).
[8] Pl.'s Resp. Def.'s Mot. Dismiss ¶¶ 5–6.
[9] Pl.'s Resp. Def.'s Mot. Dismiss ¶¶ 3–4.

between an insured and an insurer as further proof of Plaintiff's standing to bring a breach of contract claim against his insurer.[10]

## Standard of Review

When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court must accept all well-pled allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the non-moving party.[11] The Court will dismiss a complaint if it is meritless as a matter of fact or law.[12] If a plaintiff can recover under any conceivable set of circumstances susceptible to proof under the complaint, the Court will deny the motion to dismiss.[13]

## Discussion

Delaware courts consistently recognize and uphold the principle of "freedom of contract." This Court is one of many in the state that permits contracting parties to bring claims to enforce contractual obligations.[14] "It is a fundamental principle of contract law that the parties to a contract are bound by its terms, and have a

---

[10] Pl.'s Resp. Def.'s Mot. Dismiss ¶ 7.
[11] *Yu v. GSM Nation, LLC*, 2018 WL 2272708, at *4 (Del. Super. Apr. 24, 2018).
[12] *Diehl-Guerrero v. Hardy Boys Construction, LLC*, 2017 WL 886786, at *2 (Del. Super. Feb. 28, 2017) (citing *Diamond State Tel. Co. v. Univ. of Delaware*, 269 A.2d 52, 58 (Del. 1970)).
[13] *Id.* (citing *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998)).
[14] *See NAF Holdings, LLC v. Li & Fung (Trading) Ltd.*, 118 A.3d 175, 180 (Del. 2015) ("[T]hat is inconsistent with Delaware law, which seeks to ensure freedom of contract and allow parties to enforce their bargains.").

4

corresponding right to enforce them."[15] Plaintiff contracted with Defendant for automobile insurance coverage. In exchange for a certain level of PIP coverage, Plaintiff paid Defendant monthly premiums.[16] Accordingly, Plaintiff has a right to enforce its contract with Defendant in a court of law.

Plaintiff has standing to bring a claim for breach of contract against Defendant. To have standing, an individual must: 1) have suffered an injury-in-fact, which is a concrete, particularized, and actual invasion of a legally protected interest; 2) show a causal connection between the injury and the conduct complained of; and 3) show that the court can redress the injury.[17] First, Plaintiff has a legal right to enforce the terms of his automobile insurance policy. In addition to a general contractual right, Plaintiff also has a statutory right to recover payment of medical expenses from Defendant.[18] Second, Defendant caused Plaintiff's injury: Defendant has not paid Plaintiff for his accident-related medical expenses and has not provided Plaintiff with an explanation for its actions.[19] Third, this Court can redress Plaintiff's injury by ordering Defendant to pay damages.

---

[15] *Id.* at 180–81.

[16] Pl.'s Resp. Def.'s Mot. Dismiss ¶ 6.

[17] *Dover Historical Soc. v. City of Dover Planning Com'n*, 838 A.2d 1103, 1110–11 (Del. Dec. 2, 2003) (clarifying that the Delaware standing requirements are generally the same as the federal standing requirements laid out in *Lujan v. Defenders of Wildlife*).

[18] 21 *Del. C.* § 2118B(d).

[19] Compl. ¶¶ 7–9; *see* 21 *Del. C.* § 2118B(c) ("[T]he insurer shall promptly process the claim and shall . . . make payment of the amount of claimed benefits that are

5

Bulletin 10 does not shift the right to bring a breach of contract claim from the insured to the medical provider. Instead, Bulletin 10 reflects the Delaware Department of Insurance's preference for litigation about the "reasonableness" of medical expenses to occur between medical providers and insurance carriers only.[20] The preferences outlined in Bulletin 10 do not usurp an insured's *statutory right* to recover the cost of all "reasonable and necessary" medical expenses from his or her insurance carrier.[21]

## Conclusion

Plaintiff has standing to bring his claim. Accordingly, Defendant's Motion to Dismiss in Lieu of Answer is **DENIED.**

**IT IS SO ORDERED.**

        **The Honorable Calvin L. Scott, Jr.**

---

due to the claimant or, if said claim is wholly or partially denied, provide the claimant with a written explanations for the reasons of such denial.").

[20] Bulletin 10 states that a dispute over the reasonableness of fees "should" remain a dispute between the medical provider and the insurance carrier. Del. Dep't of Ins. Auto Bull. No. 10, Personal Injury Protection ("PIP") (1998). Simply because the Delaware Department of Insurance has stated *a preference* for medical providers and insurance carriers to fight out the "reasonableness" of medical expenses in court, does not mean that the Department may destroy an insured's contractual and statutory right to seek indemnity from his or her insurance carrier.

[21] 21 *Del. C.* §§ 2118(a)(2)(a), 2118(a)(2)(i)(2), 2118B(c)–(d).