Burton P. **VOSS** and Virginia L. Voss, his wife, Plaintiffs,

v.

Samuel Marvel **GREEN** and Hallie T. Green, his wife, Defendants.

Superior Court of Delaware, New Castle County.

Submitted June 27, 1978.

Decided June 29, 1978.

Gary F. Dalton, of Prickett, Ward, Burt & Sanders, Dover, for plaintiffs.

Brian P. Murphy, Middletown, for defendants.

TAYLOR, Judge.

Defendants seek writ of estrepement with respect to a strip of land approximately 50 feet wide on which the driveway to their house and garage has been located. Plaintiffs own adjoining farm land and claim ownership of the strip of land and in furtherance of their claim brought this ejectment action on April 28, 1978. According to defendants' affidavit, on June 14, 1978 plaintiffs destroyed defendants' driveway, and it is asserted that plaintiffs have plowed the area and have planted soy beans thereon.

Defendants base their motion for writ of estrepement on 25 Del.C. § 910 which provides:

"During the pendency of an action of ejectment or of an action of waste to recover the place wasted, the court in which the action is pending may award a writ of estrepement to prevent waste being committed on the premises which are the subject of such action."

Plaintiffs contend that at this point in time they are not committing waste and are not threatening to commit waste and hence that the writ is not available. Plaintiffs further contend that if defendants are entitled to any relief, it lies within the province of the Court of Chancery.

Waste is defined as "a spoil or destruction in lands, houses, trees, or other corporeal hereditaments committed or permitted". 2 *Woolley on Delaware Practice* 1063, § 1565. With respect to waste which has already been committed, the common law provided a writ of waste whose objective was the award of damages. Ibid, pp. 1063–75, §§ 1565–82. With respect to prospective waste, the common law provided relief by way of the writ of estrepement which prohibited a party from committing waste, and the Court of Chancery provided a parallel injunctive relief. Ibid, pp. 1071–4, §§ 1577–9. By statute the writ of estrepement is made available as an adjunct to an ejectment action. 25 Del.C. § 910; 2 *Woolley on Delaware Practice* p. 1088, § 1602.

The identity of the writ of estrepement has been lost in most jurisdictions because of the merging of the law and equity courts, and the use of restraining order and injunction has replaced that writ. Hence, reference to the writ is not found in modern treatises.

In resolving the question with respect to waste, assuming the appropriate use of the land prior to June 14, 1978 was as a driveway, the destruction and plowing of the land on June 14, 1978 constituted waste. However, that was a singular act of waste and thereafter the land was plowed and put to productive agricultural use. There has been no showing that such use as such was a spoilage or was destructive of the land. Hence, I do not find a continuing or threatened waste of the land at this time.

What has happened here is that plaintiffs have taken possession of the land and put it to their own use. What defendants seek is a court order granting the return of possession of the land to them and barring plaintiffs from re-taking possession and destroy-

ing the driveway which defendants would construct if they were placed in possession. In other words, defendants seek to prevent waste or interference with a usage which presently does not exist and which will not exist until after they return to possession and reconstruct their driveway. Defendants seek broad affirmative relief granting possession and enjoining interference with that possession. In the present posture of the case, this is beyond the function of the writ of estrepement as it is described in 25 Del.C. § 910. No other statutory provision has been called to the Court's attention in support of the relief which the defendants seek.

If defendants are entitled to injunctive relief, it must be found in the Court of Chancery and not in this Court. It is regrettable that litigants cannot be afforded appropriate relief in a single Court, but this is the product of the bifurcated judicial system which is in effect in Delaware.

The motion of defendants for writ of estrepement is denied.

IT IS SO ORDERED.