# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GREGORY CHURCH, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: N22C-08-453 FJJ |
| | ) | |
| SHANIKKA HARMON, | ) | |
| MICHELLE QUAILES-CHURCH, | ) | |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

*Upon Consideration of Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction:*
**DEFERRED**

*Upon Consideration of Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted:*
**DENIED**

*Submitted: February 21, 2023*
*Decided: February 27, 2023*

David E. Matlusky, Esquire, of THE MATLUSKY FIRM, Wilmington, Delaware, Attorney for Plaintiff Gregory Church, Jr.

Evan Rassman, Esquire, and Emily Letcher, Esquire, of COHEN, SEGLIAS, PALLAS, GREENHALL & FURMAN, P.C., Attorneys for Defendants Shanikka Harmon, Michelle Quailes-Church, and Bank of America, N.A.

**JONES, J.**

**INTRODUCTION**

Concerned with encumbrances on a property he hopes to soon inherit, Gregory Church, Jr. ("Gregory Jr.") has sued three defendants through a petition that seeks both equitable and legal relief. Two of the defendants, Bank of America ("BOA") and Shanikka Harmon, have moved to dismiss the petition under Superior Court Civil Rules 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. This is the decision on that motion.

In summary, the Court will allow this action to go forward, for the most part. For now, the Court is simply deciding if it retains jurisdiction over Gregory Jr.'s claims and, by the same token, whether they could conceivably merit relief. So, for the reasons set forth below, the Court's decision on the motion to dismiss based on jurisdictional grounds will be **DEFERRED**, subject to the conditions stated herein. The motion to dismiss based on failure to state a claim is **DENIED**.

**FACTUAL AND PROCEDURAL OVERVIEW**

Gregory Church, Sr. ("Gregory Sr.") purchased the real property known as 3404 Broom Place, Wilmington, Delaware (the "Property") in June of 1982.[1] He owned the Property until he died intestate in September of 1996.[2]

After Gregory Sr.'s death, the Property passed to his wife, Michelle Quailes-Church, as a statutory life estate.[3] And, upon the passing of Ms. Quailes-Church (who

---

[1] Pl.'s Compl. ¶ 5.

[2] *Id.* ¶ 6.

[3] *Id.* ¶¶ 7, 9. Gregory Sr.'s probate filings are on record with the New Castle County Register of Wills as Will Record No. 112896. *See also* 12 *Del. C.* §502(4) ("The intestate share of the surviving spouse is … [i]f there are surviving issue, one or more of whom are not issue of the surviving spouse, one half of the intestate personal estate, plus a life estate in the intestate real estate."). *Id.*

is currently alive and well), the Property is to transfer to Gregory Jr., Ms. Quailes-Church's stepson and Gregory Sr.'s only child.[4]

On September 3, 2021, however, Ms. Quailes-Church sold her interest in the Property to Ms. Harmon.[5] Typically, such a transaction would not be notable, but Ms. Quailes-Church conveyed the interest to Ms. Harmon via General Warranty Deed (the "Deed").[6] The Deed was not a life estate deed, and did not limit the interest passed from Ms. Quailes-Church to her life estate interest.[7] Gregory Jr. was not a party to the transfer, and did not consent to, or sign-off on, the sale.[8]

On the same day as the sale, BOA granted Ms. Harmon a thirty-year mortgage secured by the Property.[9] Neither Gregory Jr. nor Ms. Quailes-Church were parties to the Mortgage.[10] The Mortgage does not reference Ms. Harmon's interest as being limited to the life of Ms. Quailes-Church, and contains no language to suggest Gregory Jr.'s interest will be unencumbered by the Mortgage when he takes possession of the Property following Ms. Quailes-Church's death.[11]

Gregory Jr. then filed this, the Amended Petition for Declaratory Judgment and Waste presently before the Court.[12] Through his petition, Gregory Jr. seeks a declaration that: (1) Ms. Harmon possesses only a life estate interest in the Property, which is

---

[4] *Id.* ¶¶ 8-9.
[5] *Id.* ¶ 10.
[6] *Id.*
[7] *Id.* ¶ 11.
[8] *Id.* ¶ 13.
[9] *Id.* ¶ 15. Ms. Harmon recorded her newly-acquired interest that month. The Mortgage was recorded in the New Castle County Recorder of Deeds as Instrument No. 20210916-0107605.
[10] *Id.* ¶¶ 16-17. Ms. Quailes-Church's name does not appear anywhere within the four corners of the mortgage document.
[11] *Id.* ¶ 18.
[12] D.I. 12.

3

controlled by Ms. Quailes-Church's statutory life estate interest; (2) the Mortgage only encumbers the actual interest of Ms. Harmon; and (3) he is entitled to recover his interest in the Property, as well as double damages.[13] He also requests the Court issue an injunction to restrain waste upon the Property and an order returning possession of the Property to him.[14]

BOA and Ms. Harmon have jointly moved to dismiss the petition on jurisdictional grounds, arguing the Court of Chancery, and not this Court, is the proper forum to hear these claims.[15] And, even if this Court were the proper forum, BOA and Ms. Harmon submit Gregory Jr. has failed to state a claim upon which relief may be granted.[16] The parties' positions have been fully briefed and the matter is now ripe for review.

## STANDARD OF REVIEW

### A. *Superior Court Civil Rule 12(b)(1)*

Because this Court's jurisdiction lies in matters of law,[17] as opposed to the Court of Chancery's jurisdiction, which lies in equity,[18] the Superior Court will grant dismissal "pursuant to Superior Court Civil Rule 12(b)(1) when it lacks jurisdiction over the subject matter" of the complaint.[19] If the record, which may include evidence outside of the pleadings, indicates the Court does not have subject matter jurisdiction over the plaintiff's claim, then the Court will dismiss the action under Rule 12(b)(1).[20] "When

---

[13] Pl.'s Compl. ¶¶ 28-29, 35.
[14] *Id.* ¶ 36.
[15] D.I. 27.
[16] D.I. 15.
[17] DEL. CONST. art. IV, §7; 10 *Del. C.* §541.
[18] 10 *Del. C.* §§341, 342; *McMahon v. New Castle Assoc.*, 532 A.2d 601, 602 (Del. Ch. 1987).
[19] *Smith v. Dep't of Pub. Safety of the State of Del.*, 1999 WL 1225250, at *5 (Del. Super. Oct. 26, 1999), *aff'd*, 765 A.2d 953 (Del. 2000).
[20] *K&K Screw Prod., L.L.C. v. Emerick Cap. Invs.,* 2011 WL 3505354, at *6 (Del. Ch. Aug 9, 2011).

considering a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, the Court must take the allegations in the complaint as true and construe all reasonable inferences in the non-movant's favor."[21] "The burden of establishing the Court's subject matter jurisdiction rests with the party seeking the Court's intervention."[22]

### B.    *Superior Court Civil Rule 12(b)(6)*

Standards regarding the less-forgiving Rule 12(b)(6) motion to dismiss are well-settled. Delaware law requires courts to accept all well-pled allegations as true.[23] Then, the Court must apply a broad sufficiency test to determine whether a plaintiff may recover under any "reasonably conceivable set of circumstances susceptible of proof under the complaint."[24] If the complaint "gives general notice as to the nature of the claim asserted against the defendant," Delaware law disallows dismissal.[25] A complaint is not dismissed "unless it is clearly without merit, which may be either a matter of law or fact."[26] Further, a complaint's "[v]agueness or lack of detail," alone, is insufficient to grant dismissal.[27] Thus, if there is a basis upon which the plaintiff may recover, the motion must be denied.[28]

---

[21] *Schwaber v. Margalit*, 2022 WL 2719952, at *2 (Del. Ch. July 13, 2022).
[22] *Ropp v. King,* 2007 WL 2719952, at *2 (Del. Ch. July 13, 2022).
[23] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Hldgs. LLC*, 27 A.3d 531, 535 (Del. 2011).
[24] *See id.* at 535.
[25] *Diamond State Tel. Co. v. Univ. of Del.*, 269 A.2d 52, 58 (Del. 1970).
[26] *Id.*
[27] *Id.*
[28] *See id.*

## ANALYSIS

Through their motion, BOA and Ms. Harmon contend Gregory Jr.'s amended petition solely (and improperly) seeks equitable relief.[29]  Unsurprisingly, Gregory Jr. disagrees.  The Court takes each claim in turn below.

### A.    *The Court Lacks Jurisdiction to Hear Gregory Jr.'s Equitable Claims.*

The Court first addresses Gregory Jr.'s requests for (1) injunctive relief as part of his broader waste claim, and (2) the Property to be returned to him.[30]  At the outset, the Court notes these requests sound in equity and fall outside the jurisdiction of the Superior Court.[31]  But, in an attempt to plead around this fact, Gregory Jr. maintains the equitable claims are merely the result of the waste action pursuant to 25 *Del. C.* §909 and would protect his remainder interest by preventing further encumbrances on the Property.

The Court lauds the creative tactics at play in constructing this argument, but it rejects them all the same.  While Delaware's waste statute *does* provide for injunctive relief, it clearly does not equip the Superior Court with the power to grant it.[32]  And to the extent Gregory Jr. seeks broad affirmative relief through a writ of estrepement pursuant to 25 *Del. C.* §910,[33] that relief is beyond the function of the writ as described

---

[29] As described above, the petition seeks a judgment declaring Ms. Harmon owns only a life estate interest in the Property, an injunction to restrain waste on the Property, and an order granting Gregory Jr. recovery of the Property.

[30] Pl.'s Compl. ¶ 36.

[31] *Martin v. Widener Univ. Law School*, 1992 WL 153540, at *5 (Del. Super. June 4, 1992).

[32] 25 *Del. C.* §901 *et seq.*

[33] The statute provides *in toto*:

> During the pendency of an action of ejectment or of an action of waste to recover the place wasted, the court in which the action is pending may award a writ of estrepement to prevent waste being committed on the premises which are the subject of such action.

25 *Del. C.* §910.  A party seeking injunctive relief through a waste action must bring the lawsuit in the Court of Chancery.  *Voss v. Green*, 389 A.2d 273, 275 (Del. Super. 1978).

6

in the statute.[34]

Put simply, the Court's proverbial hands are tied. It is without the statutory power to grant Gregory Jr. possession of the Property, and, for the same reasons, cannot enjoin Ms. Harmon's interference with that possession.[35]

## B. The Court Retains Jurisdiction to Hear Gregory Jr.'s Legal Claims.

On the other hand, Gregory Jr.'s remaining claims for declaratory relief, which task the Court with determining the parties' rights and obligations under the Deed and the Mortgage in light of their respective interests in the Property, seek a remedy at law and fall squarely within the jurisdiction of the Superior Court.[36]

The Court echoes former-Judge Taylor's remarks in *Voss v. Green:* "It is regrettable that litigants cannot be afforded appropriate relief in a single Court, but this is the product of the bifurcated judicial system [] in effect in Delaware."[37] So, in light of the present status of the case, Gregory Jr. now has a choice. If he desires to pursue equitable relief, then he must dismiss this matter and re-file it in the Court of Chancery.

Or, he can abandon his equitable claims and remain in this Court. If he chooses this option, then he must file an amended petition absent the claims that sound in equity.

Either way, Gregory Jr. must take action within fifteen days of the date of this order. The Court will dismiss the entire matter without prejudice due to lack of subject matter jurisdiction if he fails to act in this timeframe.

---

[34] *Voss*, 389 A.2d 273 at 275.
[35] *Id.*
[36] *See Kusumi v. Sproesser*, 2021 WL 4059960, at *2 (Del. Ch. Apr. 7, 2021) ("The Superior Court and the Court of Chancery have concurrent jurisdiction over declaratory judgment actions; where an adequate remedy at law exists through declaratory relief, the Superior Court has subject matter jurisdiction.") (internal citations omitted).
[37] *Voss*, 389 A.2d at 275.

*C.*     ***Gregory Jr. Has Stated a Prima Facie Claim for Waste.***

The heart of Gregory Jr.'s petition is a claim for waste. As defined by Judge Taylor in *Voss*, waste is the "spoil or destruction in lands, houses, trees, or other corporeal hereditaments committed or permitted."[38] Or, as the Court of Chancery recently observed in less florid terms, waste is committed when a tenant "causes substantial injury to [a piece of] property."[39]

The law of waste exists to protect owners of future interests in property from depredations by the present possessor.[40] And while a life tenant of a possessory estate has the right to undisturbed possession of the land, the tenant's use and enjoyment of the premises is necessarily limited by the law of waste.[41] Indeed, the tenant is under a duty to refrain from any act which will diminish the value of the property if such act is, under the circumstances, an unreasonable use of the premises.[42]

Here, Gregory Jr. contends that Ms. Harmon encroached upon his future interest in the Property by obligating the entire interest of the Property to the Mortgage without his consent. To review, Gregory Jr.'s pleadings state: (1) Ms. Harmon and Ms. Quailes-Church did not specify that the transferred interest in the Deed was only a life estate; (2) the Mortgage does not specify it is just for Ms. Quailes-Church's life estate interest; and (3) Ms. Harmon did not inform, advise, or obtain the consent of Gregory Jr. before obtaining the Mortgage.[43]

---

[38] *Id.* at 274 (quoting 2 WOOLLEY ON DELAWARE PRACTICE 1063, §1565 (1985)).

[39] *Ponder v. Willey,* 2020 WL 6735715, at *5 (Del. Ch. Nov. 17, 2020) (internal citations omitted).

[40] DAVID A. THOMAS, THOMPSON ON REAL PROPERTY §70.02 (2nd ed. 2005); ANNE REYNOLDS COPPS, POWELL ON REAL PROPERTY §P6.05 (Michael Allan Wolf 8th ed. 2002).

[41] *Id.*

[42] *Matter of Estate of Bates*, 1994 WL 586822, at *3 (Del. Ch. Sep. 23, 1994) (internal citations omitted).

[43] D.I. 22.

Based on the above, as a matter of record, the Court is satisfied the Mortgage encumbers the Property. Whether the Mortgage causes substantial injury to Gregory Jr.'s interest in the Property will turn on the question of whether the Mortgage is bound to his interest. The answer to that question may be found in a more developed record, but dismissal is premature at this stage. Gregory Jr. has pled a *prima facie* claim for waste. The motion to dismiss this claim is **DENIED**.

## CONCLUSION

For the foregoing reasons, the Court's decision on the motion to dismiss based on lack of subject matter jurisdiction is **DEFERRED**. The motion to dismiss based on failure to state a claim upon which relief can be granted is **DENIED**. As discussed above, Gregory Jr. has fifteen days from the date of this order to either dismiss this action and re-file it in the Court of Chancery, or re-file an amended petition in this Court without the equitable claims. Failure to take action will result in the Court entering an order dismissing the entire matter without prejudice.

**IT IS SO ORDERED.**

/s/ *Francis J. Jones, Jr.*

Francis J. Jones, Jr., Judge

*File & ServeXpress*

9